Getz, Appellant, *v.* Lehighton Borough.

Argued January 12, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Roger N. Nanovic,* for appellants.

*William H. Bayer,* for appellees.

OPINION BY MR. JUSTICE COHEN, April 24, 1962:

Appellants, plaintiffs below, brought this action of mandamus to compel appellees to provide a lateral connection from the borough sewer system to appellants' restaurant.

A sewer main runs under the street abutting to the west of appellants' land, about seventeen feet away from the curb line fronting on their property. Another main lies to the rear (east) of the property about one hundred feet away. The plans and regulations for the borough sewer system call for each main to service only properties to the west of it because the borough lies on a hillside which slopes downward from west to east. Consequently, appellants may connect only to the main installed to the east at the rear of their property. In addition, the court below found as a fact that to permit appellants to connect to the closer (western) line involved an element of danger because of rock formation and utility lines lying under the street.

To make the connection to the eastern sewage main, appellants must obtain a right-of-way over land to the rear of their property. Apparently, they have been unable to secure this right-of-way, although their predecessor-in-title had previously obtained a permit to connect to the eastern main. Appellants were unable to solve sewage disposal problems which developed at the restaurant, and, as a result, they were forced to close the premises. Appellants, thereupon, brought this suit claiming a legal right to connect to the sewer main

lying west of their property and seeking to compel the borough to provide such a connection.

It is long-settled that mandamus will lie to compel a public officer to perform a ministerial act which he is legally obliged to perform and which the complainant is legally entitled to receive. *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177 (1952). It is equally well settled that mandamus will not lie to compel the performance of a discretionary act or to govern the manner of performing an otherwise required act. *Meadville Area School District v. Dept. of Public Instruction*, 398 Pa. 496, 159 A. 2d 482 (1960); *Travis v. Teter*, supra.

The borough promulgated a set of plans and regulations for the construction and use of the sewer system which were entirely reasonable and proper. Appellants seek to compel the borough to provide them with service in a manner directly contrary to these plans and regulations. Appellants, obviously, are seeking to reverse the borough and its engineers in a matter of discretion where no abuse of such discretion has been shown. Under these circumstances, mandamus is unavailable to appellants.

Judgment affirmed.