**PERKASIE BOROUGH AUTHORITY, and Pennridge Wastewater Treatment Authority, Petitioners,**

v.

**HILLTOWN TOWNSHIP WATER AND SEWER AUTHORITY and Commonwealth of Pennsylvania, Department of Environmental Protection, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 2002.

Decided March 17, 2003.

Mark L. Freed, Philadelphia, for petitioner, Perkasie Borough Authority.

Joseph M. Bagley, Blue Bell, for respondent, Pennridge Wastewater Treatment Authority.

Mary Peck, Conshohocken, for respondent, Dept. of Environmental Protection.

Neil S Witkes, Bala Cynwyd, for respondent, Hilltown Township Water and Sewer Auth.

Brian P. Bishop, Blue Bell, for intervenor, HBG–Heritage Glen, Inc.

Before SMITH–RIBNER, J., PELLEGRINI, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Perkasie Borough Authority (Perkasie) and the Pennridge Wastewater Treatment Authority (PWTA) have filed a Petition for Review (Petition) in the Nature of an Action in Equity and an Action In Mandamus in this Court's original jurisdiction against the Hilltown Township Water and Sewer Authority (HTWSA, Hilltown) and the Department of Environmental Protection (DEP).[1] In response, DEP and Hilltown have filed Preliminary Objections to the Petition asserting that this Court does not have original jurisdiction, failure to state a cause of action, failure to exhaust administrative remedies and legal insufficiency and insufficient specificity in the pleadings.

Perkasie alleges that, around 1973, Perkasie Borough and Sellersville Borough formed the PWTA pursuant to the Municipality Authorities Act (Act) to maintain a wastewater treatment plant. PWTA also owns the South Side Interceptor, which conveys sewage to PWTA. In the 1970s, Perkasie maintains that there was considerable pressure from the DEP to regionalize sewage treatment facilities. Therefore, the PWTA and PBA entered into a Treatment Plant Agreement (Agreement) with Hilltown Township to have the PWTA treat the wastewater generated in Hilltown.

Thereafter, in 1977, Hilltown Township formed the HTWSA and joined the Agreement. Thus, since 1977, PWTA has been treating waste from Hilltown Township. The majority of this waste comes from the Central Development District, which is lo-

cated in the Pleasant Spring Creek drainage basin, which flows naturally to the PWTA plant.

At the present time, four housing developments are proposed for the Central Development District. The developers of these properties are Heritage Glen, Inc. (Heritage) and Hilltown Chase Associates, L.P. (Hilltown Chase). An estimated 153,000–303,000 gallons of sewage waste per day will be produced from these developments, which would flow naturally downhill to the PWTA plant. However, although these developments will be adjacent to or in close proximity to the line that conveys sewage to the PWTA plant, Hilltown Township proposes to service the sewage needs of these new developments by constructing a new sewage treatment plant. Because this sewage would not flow naturally to the new treatment plant, a pump station would have to be constructed to pump it uphill. As of this time, the sewage plant project has not yet progressed beyond clearing land in preparation for such construction. The pump project has not been started at all and, until constructed, waste would have to be stored and then transported by truck to the new sewage plant, which is known as a "pump and haul" arrangement. The PWTA and Perkasie (collectively, Perkasie) assert that these actions are in violation of the Agreement and has requested a preliminary injunction from this Court to stop Hilltown Township from constructing the new sewage treatment plant.

Initially, we note that Heritage and Hilltown Chase have each filed Applications for Leave to Intervene because their rights will be greatly affected by the outcome of this matter. Perkasie has filed a response to each of these Applications in-

---

1. Perkasie and Pennridge also filed an Application for Special Relief in the Nature of a

Preliminary Injunction, which was previously denied by this Court on August 5, 2002.

dicating that it does not object to either Heritage of Hilltown Chase being allowed to intervene in this matter. Accordingly, the Applications for Leave to Intervene filed by Heritage and Hilltown Chase were granted.

In its Petition, Perkasie argues that Hilltown is in violation of the Agreement, which provides, in relevant part, that:

> Section 3.03 Delivery and Sewage Wastes. Except as herein otherwise provided, all Sewage Wastes originating in *each party's Sewage Collection System shall be delivered to a Point or Points of Connection for transportation to and treatment at the Pennridge Authority's Treatment Plant;* provided, however, that nothing herein shall be construed as requiring any party to deliver to Pennridge Authority any Sewage Wastes originating in its respective area which *by good engineering practice cannot be delivered to the Treatment Plant on a practical and economic basis.* (Emphasis added.)

Because the sewage would naturally flow to the PWTA treatment plant, Perkasie argues that Hilltown Township is not exempted from abiding by Section 3.03 because there is nothing that would stop the sewage from being "delivered to the Treatment Plant on a practical and economic basis." Rather, a pump station would have to be constructed to force the sewage from traveling naturally to the PWTA Treatment Plant. Perkasie also argues that the proposed treatment plant violates Section 5607(2)(b) of the Act, 53 Pa.C.S. § 5607(b)(2), because it would "in whole or in part ... duplicate or compete with existing enterprises serving substantially the same purposes ...," i.e. the existing PWTA sewage treatment facility.

However, before we can address Perkasie's argument, we must first make the threshold inquiry of whether this Court has original jurisdiction over this matter, which is an issue that has been raised by both Hilltown and DEP in their Preliminary Objections.

■ Pursuant to Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a), "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government...." In *Piper Aircraft Corporation v. Insurance Company of North America,* 53 Pa.Cmwlth. 209, 417 A.2d 283, 285 (1980), we held that "for this Court to have exclusive original jurisdiction over a suit against the Commonwealth and another party, *the Commonwealth must be an indispensable party* to the action." (Emphasis added.) "Generally, an indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights ... The mere naming, however, of the Commonwealth or its officers in an action does not conclusively establish this court's jurisdiction, and the joinder of such parties when they are only tangentially involved is improper." *Pennsylvania School Boards Association, Inc. v. Association of School Administrators, Teamsters Local 502,* 696 A.2d 859, 867 (Pa.Cmwlth.1997). Thus, in order for this Court to have jurisdiction, DEP must be an indispensable party to this action.

In its Preliminary Objections, DEP states that it has no interest in whether construction of the new Hilltown sewer plant is stopped or not and that it is not an indispensable party because it has no authority under the Municipality Authorities Act. In fact, DEP notes that in its request for a preliminary injunction, Perkasie seeks absolutely no relief from DEP. Moreover, DEP points out that although it has the authority to regulate the conveyance and treatment of sewage, it does not have any role in enforcing the private

Agreement between Perkasie and Hilltown to which it is not a party.

DEP also notes that it issued approvals to Hilltown under the Sewage Facilities Act and the Clean Streams Law to allow Hilltown to construct and operate its sewage treatment plant and that these approvals were appealable actions of DEP under the Environmental Hearing Board (EHB) Act. DEP argues that Perkasie had an administrative remedy to challenge these approvals by filing appeals with the EHB and, in fact, Perkasie has filed an appeal of DEP's issuance of Hilltown's water quality permit with the EHB. Because Perkasie could ask the EHB to grant a supersedeas in this matter, DEP contends that Perkasie has an adequate remedy at law with the EHB and therefore may not invoke the equity jurisdiction of this Court until it has exhausted its administrative remedies.

Hilltown also argues in its Preliminary Objections that, because DEP has no interest in this matter, this dispute is one that should be resolved by a court of common pleas. In fact, all the cases that Perkasie cites in support of its argument that Section 5607(b)(2) of the Municipality Authorities Act forbids Hilltown from building its new sewage treatment plant were commenced in the court of common pleas and then appealed to this Court in our appellate jurisdiction. Those cases were not initiated in this Court's original jurisdiction. For example, Perkasie cites *Lower Bucks County Joint Municipal Authority v. Bristol Township Water Authority*, 137 Pa.Cmwlth. 415, 586 A.2d 512 (1991), in its memorandum of law in support of its Application for Preliminary Injunction. In that case, Lower Bucks sued to stop Bristol Township and the Bristol Township Water Authority from providing water service in a particular area where Lower Bucks was already providing service because it contended that Bristol's actions constituted competition with an existing water service in violation of the Act. Perkasie notes that this case is remarkably similar to the case *sub judice*. However, Perkasie fails to note that this action was initiated in the Court of Common Pleas of Bucks County and then heard by this Court in its appellate jurisdiction. *See also Bristol Township Water Authority v. Lower Bucks County Municipal Authority*, 130 Pa.Cmwlth. 240, 567 A.2d 1110 (1989).

In response to these Preliminary Objections, Perkasie cites our Supreme Court's decision in *CRY, Inc. v. Mill Service, Inc.*, 536 Pa. 462, 640 A.2d 372 (1994), for the proposition that DEP is an indispensable party. However, *CRY* is not controlling here. In *CRY*, the members of CRY, Inc. filed a complaint alleging that DEP (then DER) "allowed Mill Service to adversely effect [sic] the public health, safety and welfare and the natural resources of the Commonwealth both on a short term and long term basis, by approving and condoning the discharge of hazardous waste into surface and groundwaters of the Commonwealth, and into the air." *Id.* at 465, 640 A.2d at 374. The Supreme Court held that DEP was a necessary party.

In the case *sub judice*, unlike in *CRY*, Perkasie does not allege that DEP has committed any wrongful act with regard to regulating harmful pollutants or that DEP has allowed HTWSA and/or Hilltown to cause any other environmental problem. Additionally, Perkasie states that the PWTA plant has the capacity to treat the sewage that will be produced in the proposed developments and that DEP may be required to issue permits to assure that such conveyance and treatment takes place. For this reason, Perkasie argues that *CRY* mandates DEP's inclusion in this matter. However, as noted above, Perkasie must apply to DEP for these necessary

permits and then appeal any adverse determination to the Environmental Hearing Board. Furthermore, the fact that DEP has issued permits to allow Hilltown to construct the proposed sewage treatment plant does not make DEP an indispensable party, as the actual controversy between Perkasie and Hilltown centers around the Agreement to which DEP is not a party. Additionally, Perkasie does not allege that DEP's actions in any way violate the Agreement. Unlike *CRY*, DEP does not have any vested interest in the resolution of this matter.

Count I of the Petition alleges that the construction of a sewage treatment plant by Hilltown Water and Sewer Authority would violate the Municipality Authorities Act, Act of June 19, 2001, P.L. 287, No. 22, 53 Pa.C.S. §§ 5601–5622 (Municipality Authorities Act), and that the Department is a necessary and indispensable party. Although the Department has authority under the Clean Streams Law and the Sewage Facilities Act to regulate the conveyance and treatment of sewage, the Department does not have any such authority under the Municipality Authorities Act.

The Municipality Authorities Act provides that any person questioning a rate or the services of an authority may bring suit against the authority in the court of common pleas of the county where the project is located or, if the project is located in more than one county, in the court of common pleas of the county where the principal office of the project is located. The court of common pleas has exclusive jurisdiction to determine questions involving rates or service. 53 Pa.C.S. § 5607(d)(9). The Municipality Authorities Act does not establish any duty or authority of DEP and Petitioners have not made any claim against the Department under the Municipality Authorities Act. PBA and PWTA have failed to show why

the Department should be involved at all in such a service area dispute, let alone why it is an indispensable party other than to argue (without citing any specific authority) that justice cannot otherwise be done. We disagree and sustain the Preliminary Objections to Count I of the Petition.

Count II of the Petition for Review is entitled "Breach of Contract" and alleges that the construction of a sewage treatment plant by Hilltown Water and Sewer Authority would be in breach of agreements among members of the Pennridge Wastewater Treatment Authority, and that DEP is a necessary and indispensable party to the full and complete resolution of this matter. PBA and PWTA have not stated any claim against the Department, however, with respect to the two agreements that are the subject of this action. Clearly, the Petitioner has failed to state a claim upon which relief can be granted in this Court in Count II. Again, although the Department has authority under the Clean Streams Law and the Sewage Facilities Act to regulate the conveyance and treatment of sewage, the Department does not have any role in enforcing a private agreement to which it is not a party. The fact that DEP has issued permits to allow Hilltown to construct the proposed sewage treatment plant does not make DEP an indispensable party. The actual controversy between Perkasie and Hilltown centers around the Agreement to which DEP is not a party. Additionally, Perkasie does not allege that DEP's actions in any way violate the Agreement. This Court has held that when the Commonwealth's involvement in the implementation of an agreement is "minimal," it is not an indispensable party to a dispute over the agreement. *Pennsylvania State Education Assn., v. Dept. of Education*, 101 Pa. Cmwlth. 497, 516 A.2d 1308, 1310 (1986). The Preliminary Objection to Count II of

the Petition must, therefore, also be sustained.

■■■■ Count III of the Petition is entitled, "Mandamus," and alleges, "DEP should be required to issue all approvals necessary for PWTA to treat all sewage waste from the Central Development District," but PWTA has not alleged that it has any applications pending before the Department for any decisions. Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or mandatory duty. *Borough of Plum v. Tresco,* 146 Pa.Cmwlth. 639, 606 A.2d 951 (1992). Mandamus is the proper remedy only where the petitioner demonstrates an immediate, specific, well-defined and complete legal right to the thing demanded, a corresponding duty in the respondent, and the absence of any other appropriate or adequate remedy. *Equitable Gas Co. v. City of Pittsburgh,* 507 Pa. 53, 57, 488 A.2d 270, 271 (1985). "[M]andamus will not issue unless the right of the petitioner is clear and specific; it can never be invoked in a doubtful case." *Commonwealth ex rel. McLaughlin v. Erie County,* 375 Pa. 344, 351, 100 A.2d 601, 604 (1953). Where doubt as to the petitioner's right or the respondent's duty exists, the remedy is neither appropriate nor available. *Leff v. N. Kaufman's, Inc.,* 342 Pa. 342, 346, 20 A.2d 786, 789 (1941). PBA and PWTA have not complied with Rule No. 1095 of the Pennsylvania Rules of Civil Procedure which sets forth the elements necessary to state a cause of action in mandamus, particularly, subsection "(3) the act or duty the [Department] is required to perform and the refusal to perform it."

PBA and PWTA have failed to identify any statutory duty of the Department in the complaint, as required by Pa. R.C.P. No. 1095(3). PBA and PWTA have not even identified what action of the Department they are asking this Court to order, as required by Pa. R.C.P. No. 1095(3). PBA and PWTA have requested this Court to generally order DEP "to issue all approvals necessary for PWTA to treat all sewage waste from the Central Development District." Nevertheless, PBA and PWTA have not identified what specific approvals they are seeking from DEP, nor have they even alleged that they are currently seeking any approvals from DEP which should be enforced.

■■■ Further, PBA and PWTA have failed to identify any statutory duty of DEP that DEP has refused to perform. There is absolutely nothing set forth in the Petition that this Court could order DEP to do. To succeed in an action in mandamus, the petitioner must show an immediate, specific, well-defined and complete legal right to the thing demanded. *Purcell v. City of Altoona,* 364 Pa. 396, 72 A.2d 92 (1950). Mandamus will not lie to compel the performance of a discretionary act or to govern the manner of performing an otherwise required act. *Schrader v. Borough of Lehighton,* 407 Pa. 357, 359, 180 A.2d 230, 231 (1962). The preliminary objection to Count III of the Complaint is, therefore, also sustained.

In summary, the Preliminary Objections to Counts I, II and III of the Petition are sustained but the relief requested by HTWSA and DEP is denied in that the Petition shall not be dismissed, but, in accordance with Pennsylvania Rule of Appellate Procedure 751(a), this action shall be transferred to the Court of Common Pleas of Bucks County where the action shall be treated as if originally filed therein.

### ORDER

NOW, March 17, 2003, the Preliminary Objections to Counts I, II and III of the

Petition for Review are sustained. This action is transferred to the Court of Common Pleas of Bucks County in accordance with Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103.

Jurisdiction relinquished.