# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rachel Carson Trails Conservancy, : 
Inc., : 
                Petitioner : 
               : No. 77 M.D. 2018
      v. :
               : Argued:  October 17, 2018
The Department of Conservation and : 
Natural Resources of the : 
Commonwealth of Pennsylvania, : 
William Bohlander and Barbara : 
Bohlander, Thomas A. Foreman, : 
Curtis K. Marando and Theresea L. : 
Marando, Peter McKay and Gretchen : 
McKay, Susan McMurray Living : 
Trust, David A. Miller, Jonathan C. : 
Miller, Vaughn P. Miller and Kim : 
Miller, Carol Riffer, and Ruth Trent : 
and George E. Trent, : 
              Respondents :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE McCULLOUGH                       FILED:  December 31, 2018

Before this Court are the preliminary objections filed by the Department of Conservation and Natural Resources of Pennsylvania (DCNR) and collectively by William Bohlander and Barbara Bohlander; Thomas A. Foreman; Curtis K. Marando and Theresea L. Marando; Peter McKay and Gretchen McKay; Susan McMurray

Living Trust; David A. Miller; Jonathan C. Miller; Vaughn P. Miller and Kim Miller; Carol Riffer; and Ruth Trent and George E. Trent (hereafter "Private Landowners") to Rachel Carson Trails Conservancy, Inc.'s (Conservancy) Amended Petition for Review in the nature of a complaint in equity for a declaratory judgment and injunctive relief filed in this Court's original jurisdiction. For the reasons that follow, we sustain the preliminary objections, in part, and transfer the matter to the Court of Common Pleas of Clarion County.

## Background

The Conservancy brings an action pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §§7531-7541,[1] seeking a declaration that a public prescriptive easement exists across 12 parcels of land in Clarion County owned by DCNR and the Private Landowners. According to the Amended Petition for Review (Amended Petition), the Conservancy is a Pennsylvania non-profit corporation that is "a volunteer-based organization dedicated to the development, protection, and promotion of hiking, biking, and walking trails throughout western Pennsylvania." (Amended Petition ¶3.) Although the Conservancy was initially founded in 1992 as the Harmony Trails Council, in 2004 it became steward of both the Rachel Carson Trail and Baker Trail and adopted its current name. *Id.* The Conservancy alleges that DCNR and the

---

[1] Section 7532 of the Declaratory Judgments Act, 42 Pa.C.S. §7532, provides as follows:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

*Id.*

Private Landowners all own property in Clarion County, Farmington Township along River Lane, between the start of River Lane at its intersection with Gravel Lick Road and its terminus at the entrance to Cook Forest State Park. *Id.* ¶4.

The Conservancy avers that the Baker Trail is a 133-mile hiking and backpacking trail located north of Pittsburgh. *Id.* ¶25. In Clarion County, one portion of the Baker Trail follows the River Lane roadway for one-half mile across private and Commonwealth-owned property. *Id.* ¶26. According to the Amended Petition, the portion of the Baker Trail that follows River Lane is important to the overall trail because it provides hikers with scenic views of the Clarion River and it makes additional portions of the trail, leading into and out of Cook Forest State Park, readily and easily accessible to the public-at-large for hiking. *Id.*

The Conservancy asserts that the Baker Trail was first marked, or "blazed," by the Western Pennsylvania Chapter of the American Youth Hostel (AYH) in the 1950s. *Id.* ¶28. The Baker Trail has also been recognized on hiking maps and in hiking guidebooks since then. *Id.* ¶30. Since the 1950s, trail markers or blazes have been continuously maintained by volunteers along the River Lane section of the Baker Trail. *Id.* ¶31. The hiking trail following River Lane has also been used since the 1950s for its scenic views of the Clarion River and provides access to additional trails in Cook Forest State Park. *Id.* ¶33.

The Conservancy alleges that there has been continuous, uninterrupted, and historic use of the River Lane hiking trail for at least 21 years. *Id.* ¶34. According to the Petition, a 1950 issue of "Hosteling" magazine described the Baker Trail and included a hand-drawn map of the section of the Baker Trail that follows River Lane. *Id.* ¶35. Roger Mazzarella has hiked the Baker Trail, including the River Lane section, as a member of the general public, at least once a year since the 1960s. *Id.* ¶36. Further, Glenn Oster maintained the Baker Trail from the late 1950s until 1990 as Baker Trail Manager. *Id.* ¶37. During this time, Oster viewed the River Lane section of the Baker

Trail as open for public use and personally hiked that section of the trail a half dozen times. *Id.* Jim Ritchie took over Oster's position in 1990. *Id.* ¶38. From 1990 until 2002, Ritchie led members of the public and volunteers on recreational hikes and maintenance days along the River Lane section of the trail at least once a year. *Id.* Additionally, from 2004 until the present, Dewaine Beard has personally hiked the River Lane section of the trail on a regular basis and organized annual outings that bring together volunteers and members of the public-at-large to hike and conduct maintenance of the River Lane portion of the trail. *Id.* ¶39. The Amended Petition also asserts that one of the Private Landowners, George Trent, has owned property along River Lane from 1988 until the present, and that during that time he has observed members of the public, including Conservancy members, using River Lane for hiking. *Id.* ¶40.

The Conservancy avers that when the Western Pennsylvania Chapter of the AYH disbanded in 2003, the Conservancy took over stewardship of the Baker Trail. *Id.* ¶42. The Conservancy "currently stewards the trail with assistance from volunteers, public agencies, municipalities, and Private Landowners, all for the benefit of the public." *Id.*

However, the Conservancy alleges that since 2011, several of the Private Landowners have attempted to prohibit the public's use of the River Lane section of the hiking trail. *Id.* ¶43. In particular, in 2011, trail users began reporting to the Conservancy that "they were confronted, intimidated, yelled at, or generally forced into leaving the trail along River Lane." *Id.*

Thereafter, in 2014, the Conservancy filed an action against the Private Landowners in the Court of Common Pleas of Clarion County seeking a declaration that a public prescriptive easement exists over the River Lane section of the Baker Trail. The Private Landowners filed preliminary objections, on the ground that the Conservancy had failed to join DCNR, which the Private Landowners argued was an

4

indispensable party. The Court of Common Pleas of Clarion County determined DCNR was an indispensable party and sustained the preliminary objections. Because it determined that DCNR was an indispensable party, the Court of Common Pleas of Clarion County also concluded that original jurisdiction was vested with the Commonwealth Court.

The Conservancy subsequently sought clarity from DCNR regarding its position vis-à-vis the properties along River Lane. *Id.* ¶47. According to the Amended Petition, DCNR informed the Conservancy that "if a court determines that a public easement exists for trail use of River Lane, DCNR would not oppose such use on its owned and controlled land." *Id.* The Conservancy then filed the instant action against DCNR and the Private Landowners in this Court's original jurisdiction.

The Amended Petition avers that the public has adversely used the River Lane section of the Baker Trail since the 1950s and that the public's use has been open and notorious as evidenced by the publication of the trail in hiking guides and maps, and maintenance of blazes along the trail. *Id.* ¶¶51-52. The Conservancy also avers that the public's use has been continuous and uninterrupted for at least 21 years. *Id.* ¶52. Thus, the Conservancy asserts that the allegations in the Amended Petition establish the requisite elements of a public prescriptive easement for the hiking trail that runs along River Lane. *Id.* ¶53. The Conservancy requests that we declare the existence of a public easement across both DCNR and the Private Landowners' land, which would enable the public to use River Lane for continued public pedestrian trail access. *Id.* ¶A. The Conservancy also requests that we grant injunctive relief against all Respondents "thereby allowing [the Conservancy] and members of the public to continue to utilize the public easement along River Lane for public pedestrian trail access." *Id.* ¶B.

**Discussion**

DCNR has preliminarily objected to the Amended Petition on the following grounds: (1) legal insufficiency because the alleged easement is statutorily foreclosed due to passing through an unenclosed woodland; (2) legal insufficiency because prescriptive easements cannot be obtained on Commonwealth property; (3) legal insufficiency in that the Amended Petition lacks any allegation that the use of River Lane was adverse, which is necessary to establish a prescriptive easement; and (4) lack of subject matter jurisdiction because proper jurisdiction lies with the State Board of Property. The Private Landowners preliminarily object on the following grounds: (1) legal insufficiency in that "easements in gross" may not be established by prescription, but rather, only in writing; (2) legal insufficiency because the Conservancy lacks standing and, as a private organization, cannot bring a prescriptive easement claim on behalf of the "public"; and (3) the Amended Petition is insufficiently specific.[2]

**A. The Legal Sufficiency of the Conservancy's Claim Against DCNR**

We first address[3] whether the Conservancy is barred from obtaining a prescriptive easement against DCNR, thereby making the Amended Petition legally insufficient. DCNR argues that the law governing prescriptive easement claims is

---

[2] The Private Landowners also objected on the ground that the 21-year statute of limitations for claiming property by prescription is tolled because DCNR owns a portion of River Lane and, therefore, the statute of limitations is also tolled for the land owned by the Private Landowners. However, in light of DCNR's position that this action should be transferred to the State Board of Property, the Private Landowners have withdrawn this preliminary objection.

[3] When ruling on "preliminary objections we must consider as true all well-[pled] allegations in the [petition for review] and all reasonable inferences that may be drawn from those allegations." *City of Lebanon v. Commonwealth*, 912 A.2d 338, 340 n.6 (Pa. Cmwlth. 2006). Further, "[p]reliminary objections may be sustained only in cases where it is clear and without doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.*

6

analogous to adverse possession claims. DCNR contends that because adverse possession claims cannot be maintained against the Commonwealth, neither can prescriptive easement claims and, therefore, the Conservancy's claim that a prescriptive easement exists over two DCNR-owned properties is legally insufficient.

In response, the Conservancy does not dispute that a prescriptive easement cannot be obtained on land owned by DCNR. However, the Conservancy argues that the preliminary objection should be overruled because DCNR has indicated it would not oppose a public trail across its parcels of land on River Lane if this Court finds a public prescriptive easement against the Private Landowners. The Conservancy contends that DCNR is an indispensable party to the action because DCNR owns two parcels of land on River Lane on either side of the Private Landowners' land. Because DCNR owns these two parcels of land, the Conservancy asserts that the public could not have lawful access to the entirety of River Lane, as necessary to make it a public trail, unless DCNR is a party to this lawsuit. Due to DCNR's alleged acquiescence to a public trail on its two parcels of land, the Conservancy admits that this Court does not need to find a prescriptive easement over DCNR's land to grant the Conservancy the relief it seeks. The Conservancy also contends that it joined DCNR as a party to this lawsuit in response to the Court of Common Pleas of Clarion County dismissing the Conservancy's complaint after determining the Conservancy had failed to join DCNR as an indispensable party to the lawsuit.

1. **Public Prescriptive Easement Claims against Commonwealth Parties**

It is well-settled that "a prescriptive easement is acquired by analogy to the acquisition of title to land through adverse possession for twenty-one years." *Morning Call, Inc. v. Bell Atlantic-Pennsylvania Inc.*, 761 A.2d 139, 143 (Pa. Super. 2000). A prescriptive easement arises where the use of an easement "has been adverse,

7

open, notorious and uninterrupted for twenty-one years." *Id.* However, "a claim of title by adverse possession **does not lie against Commonwealth property**." *Department of Transportation v. J.W. Bishop & Company, Inc.*, 439 A.2d 101, 103 (Pa. 1981) (emphasis added); *see also City of Philadelphia v. Galdo*, 181 A.3d 1289, 1292 (Pa. Cmwlth. 2018) (same); *Williamstown Borough Authority v. Cooper*, 591 A.2d 711, 715 (Pa. Super. 1991) (same). In fact, the General Assembly has codified the general preclusion of claims of adverse possession against the Commonwealth as follows:

> Nothing contained in this act shall be construed to give any title to any lands by a claim of title adverse to that of the Commonwealth of Pennsylvania, and no claim of title adverse to the Commonwealth of Pennsylvania shall be made or recorded under the provisions of this act.

Act of May 31, 1901, P.L. 352, 68 P.S. §88.

Because claims of adverse possession do not lie against the Commonwealth and the establishment of prescriptive easements is analogous to the establishment of title to land by adverse possession, we conclude that prescriptive easements cannot be maintained against Commonwealth property. Thus, the Conservancy fails to state a prescriptive easement claim against DCNR. Before dismissing the Conservancy's claim against DCNR outright, however, we must first analyze whether DCNR is to any extent an indispensable party requiring continued joinder to this action, as alleged by the Conservancy.

### 2. Indispensable Parties

"A party is generally regarded to be indispensable 'when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights.'" *HYK Construction Company, Inc., v. Smithfield Township*, 8 A.3d 1009, 1015 (Pa. Cmwlth. 2010) (quoting *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 581 (Pa. 2003)). Thus, the main inquiry for determining whether a party

8

is indispensable involves whether justice can be accomplished in the absence of the party. *Id.*; *see also Perkasie Borough Authority v. Hilltown Township Water and Sewer Authority*, 819 A.2d 597, 600 (Pa. Cmwlth. 2003) (holding that "an indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights"). The relevant analysis of whether a party is indispensable requires an examination of the following four factors:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*HYK Construction Company*, 8 A.3d at 1015. When undertaking this inquiry, the nature of the particular claim and the type of relief sought should be considered. *Id.*

In easement cases, our Supreme Court has held that the fee simple owner of the servient tenement, *i.e.*, the estate of land that is burdened by the easement, is an indispensable party because "[t]he right to the use and enjoyment of his property will be adversely affected by any litigation involving the easement." *Columbia Gas Transmission Corp. v. Diamond Fuel Company*, 346 A.2d 788, 789 (Pa. 1975). Likewise, when there is a dispute regarding "the existence of an easement, all owners of servient tenements have a material interest in the controversy and should be joined as defendants, even though such an owner may have had no part in the interference

with, or obstruction of the alleged easement." *Barren v. Dubas*, 441 A.2d 1315, 1316 (Pa. Super. 1982).[4]

Further, with regard to cases involving the Commonwealth, "[a] Commonwealth party may be declared an indispensable party when meaningful relief cannot conceivably be afforded without the Commonwealth party's direct involvement in the action." *Ballroom, LLC v. Commonwealth*, 984 A.2d 582, 588 (Pa. Cmwlth. 2009). However, where a petitioner "seeks absolutely no relief" from the Commonwealth party, and the Commonwealth party's involvement is only "minimal," we have held it is not an indispensable party. *See Perkasie Borough Authority*, 819 A.2d at 600, 602 (holding that in dispute involving agreement between township and water authority, the Pennsylvania Department of Environmental Protection was not an indispensable party where there was no claim raised against it and its involvement in implementation of agreement was "minimal"); *see also E-Z Parks, Inc. v. Philadelphia Parking Authority*, 521 A.2d 71, 74 (Pa. Cmwlth. 1987) (holding that "the

---

[4] In *Columbia Gas Transmission Corp.*, Columbia Gas was the owner of a disputed maintenance and repair right-of-way that measured fifty feet in width. 346 A.2d at 789. Columbia Gas ordered appellants Diamond Fuel Company and William M. Fiore Trucking and Contracting Company to cease future dumping of fill material at the site and to remove any excess fill in the right-of-way. *Id.* Our Supreme Court concluded that neither appellant was the owner in the fee of the servient tenement across which the disputed easement existed; instead, the owner of the fee simple title was William M. Fiore individually, who was not a party to the action. *Id.* Our Supreme Court held that William M. Fiore, as fee simple owner of the servient tenement, was an indispensable party and, therefore, needed to be joined to the action. *Id.* at 789.

In *Barren*, the Barrens filed a complaint in equity alleging that they had obtained a prescriptive easement to an alleyway that crossed their adjoining parcel of land and sought to compel the appellants to restore access to the alleyway and prohibit appellants from interfering with the Barrens' use of the land. 441 A.2d at 1315. However, the appellants contended they had conveyed a portion of the servient tenement to the Gillotts, who were not parties to the action. *Id.* at 1316. The Superior Court held that "[b]ecause the Gillotts, fee owners of a servient tenement, [were] indispensable parties, and [had] not been joined as defendants, the lower court lacked jurisdiction." *Id.* at 1317.

10

Commonwealth need not be joined as an indispensable party where its interests or rights are only tangentially involved in the litigation").

Here, although the Conservancy's Amended Petition includes prescriptive easement claims with regard to the two parcels of land owned by DCNR, because a prescriptive easement cannot be obtained against DCNR on those parcels, *see J.W. Bishop & Company*, 439 A.2d at 103; 68 P.S. §88, there is no possibility that DCNR's rights would be impaired or infringed upon if the Conservancy were to obtain a prescriptive easement claim against the Private Landowners.  Since the Conservancy is legally unable to obtain a prescriptive easement against DCNR, and DCNR is not a servient tenement to any prospective easement, this case differs from both *Columbia Gas Transmission Corp.* and *Barren*.  Because DCNR would not be negatively affected by a finding of a prescriptive easement on the Private Landowners' land, it cannot be deemed an indispensable party based on any infringement of its rights.

While the Conservancy acknowledges in its brief that it cannot bring a prescriptive easement claim against a Commonwealth party, it argues that DCNR is indispensable because DCNR owns two parcels of land on either side of the Private Landowners' land and the public will not be able to access the River Lane hiking trail without traversing across DCNR's land.  The Conservancy also argues that DCNR is indispensable because it has allegedly indicated, in a letter, that it will not oppose the use of its own land for the hiking trail in the event the Conservancy obtains a prescriptive easement for a hiking trail across the Private Landowners' land.  However, because a prescriptive easement can never be established on DCNR's land, we conclude that DCNR's ownership of the two adjacent parcels and alleged agreement to permit a hiking trail on same is too "tangential" and "minimal" of an involvement to make it an indispensable party to this matter.  Given that DCNR is not an indispensable

11

party and its involvement is not required to afford meaningful relief, we sustain DCNR's preliminary objection to the Amended Petition.[5]

### 3. Lack of Subject Matter Jurisdiction

Section 761(a) of the Pennsylvania Judicial Code, 42 Pa.C.S. §761(a), provides, "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government . . . ." *Id.* However, for this Court to have original jurisdiction over a suit against the Commonwealth and other parties, the Commonwealth party must be an indispensable party. *Ballroom, LLC*, 984 A.2d at 588; *City of Lebanon*, 912 A.2d at 341; *Perkasie*, 819 A.2d at 600. Since we conclude that DCNR is not an indispensable party and dismiss the claim against it, we are divested of jurisdiction and must transfer this matter to the court with proper jurisdiction, *i.e.*, the Court of Common Pleas of Clarion County, pursuant to section 5103(a) of the Pennsylvania Judicial Code, 42 Pa. C.S. §5103(a).[6] *See City of Lebanon*, 912 A.2d at 341; *Rastall v. DeBouse*, 736 A.2d 756,

___

[5] Because we sustain DCNR's preliminary objection that the Conservancy is barred from obtaining a prescriptive easement against the Commonwealth, therefore making the Amended Petition legally insufficient with respect to DCNR, we do not address DCNR's other preliminary objections.

[6] Section 5103(a) of the Judicial Code, 42 Pa.C.S. §5103(a), provides, in relevant part, as follows:

> a) **General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.

12

759 (Pa. Cmwlth. 1999); *Local 302, International Association of Firefighters v. City of Allentown*, 423 A.2d 1119, 1122 (Pa. Cmwlth. 1980).

## Conclusion

Because we sustain DCNR's preliminary objection and, consequently, lack jurisdiction, we transfer this matter and the Private Landowners' preliminary objections to the Court of Common Pleas of Clarion County.[7]

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] In their briefs in support of preliminary objections, the Private Landowners raise a number of arguments, including that the Conservancy is not the "real party in interest," because only a governmental entity, such as DCNR, may claim a prescriptive easement on behalf of the public. (Private Landowners' Reply Brief at 4.) The Private Landowners contend that only a governmental entity can own public property and that, therefore, the Commonwealth is the only party that is legally entitled to bring an action for a public prescriptive easement. The parties refer to *Wampler v. Shenk*, 172 A.2d 313 (Pa. 1961), where our Supreme Court held that "[u]ndoubtedly the public can acquire an easement by prescription." *Id.* at 316; *see also Gehres v. Falls Township*, 948 A.2d 249, 251 (Pa. Cmwlth. 2008) (holding that the "public may acquire a prescriptive easement"); *Southeastern Pennsylvania Transportation Authority v. Pennsylvania Public Utility Commission*, 505 A.2d 1046, 1048-50 (Pa. Cmwlth. 1986) (discussing law of public prescriptive easements). However, this argument really pertains to standing and, as such, must be addressed by the Court of Common Pleas of Clarion County following our transfer of this action. As such, we do not address the issue of whether the Conservancy has standing in this matter. Because we are transferring the Private Landowners' preliminary objections to the Court of Common Pleas of Clarion County, it is not necessary for us to address the other outstanding issues raised in the Private Landowners' preliminary objections.

13

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Rachel Carson Trails Conservancy, Inc., | : |
| Petitioner | : |
| | : |
| v. | : No. 77 M.D. 2018 |
| | : |
| The Department of Conservation and Natural Resources of the Commonwealth of Pennsylvania, William Bohlander and Barbara Bohlander, Thomas A. Foreman, Curtis K. Marando and Theresea L. Marando, Peter McKay and Gretchen McKay, Susan McMurray Living Trust, David A. Miller, Jonathan C. Miller, Vaughn P. Miller and Kim Miller, Carol Riffer, and Ruth Trent and George E. Trent, | : |
| Respondents | : |

## ***ORDER***

AND NOW, this 31st day of December, 2018, the Department of Conservation and Natural Resources' preliminary objection is sustained. The Department of Conservation and Natural Resources is dismissed as a respondent, and this matter, and the preliminary objections of the remaining respondents, are transferred to the Court of Common Pleas of Clarion County.

_____
PATRICIA A. McCULLOUGH, Judge