# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hickory Hill Group II, LLC,       :
           Appellant      :
                              :
        v.                 :    No. 1 C.D. 2023
                              :
East Nottingham Township     :    Argued: June 3, 2025

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                 FILED: June 27, 2025

Hickory Hill Group II, LLC (HHG) appeals from the August 29, 2022 order of the Court of Common Pleas of Chester County (trial court) entering judgment against HHG in favor of East Nottingham Township (Township). The judgment followed the trial court's July 11, 2022 denial of HHG's motion for post-trial relief and its March 7, 2022 order following trial that denied HHG's complaint in ejectment against the Township and recognized a public road passing over HHG's property at 1044 Hickory Hill Road, Oxford, Pennsylvania (Property). HHG presents several issues for our review, including that (1) the trial court's findings are not supported by substantial evidence, (2) the trial court erred in applying the law governing public roads, and (3) an adjoining property owner is an indispensable party but was not joined in this action, thus depriving the trial court of jurisdiction. Following remand for factfinding on the last issue, we conclude that the adjoining

property owners are indispensable but were not joined as parties, so the trial court lacked jurisdiction. We thus vacate the trial court's order and remand with direction to dismiss without prejudice to the right of HHG to refile the action as long as they join indispensable parties.

## I. BACKGROUND

The following background is undisputed and as found by the trial court. The Property is a roughly triangular parcel bordered by two paved public roads: on the north by Oxford Road and on the south by Hickory Hill Road. A 250-foot-long dirt and gravel access way runs north-south across the Property's eastern edge, connecting the two paved public roads that border the Property. This access road is known as Fulton Road, and the portion of it located on the Property is in dispute here (Disputed Area). When Fulton Road leaves the Disputed Area and the Property across Hickory Hill Road to the south, Fulton Road becomes a paved road.

Joseph and Ethel Coates purchased the Property in 1948 and constructed multiple buildings, which they used to operate auto repair, junkyard, and salvaging businesses. The Coates used the then-existing Disputed Area as an access way when operating the businesses. Joseph Coates' sons continued to operate the businesses after he died in 1972.

In 2014, the Coates family conveyed the Property to HHG by deed. John R. Seitz was HHG's principal at the time. Seitz attempted to form HHG in Delaware in 2014 to acquire the Property. Although the initial entity formation was defective, the trial court found—and the parties do not dispute on appeal—that HHG later cured the defect, such that HHG effectively took title to the Property by the 2014 deed. Seitz allowed the Coates family to continue operating their businesses for one year after closing. In 2015 Seitz began operating his business on the Property.

2

He used the Disputed Area for access to the buildings and occasionally blocked the northern or southern entrance to the Disputed Area. In 2014, the Township ordered Seitz to remove barricades blocking the Disputed Area and it striped the centerline and edges of the Disputed Area as if it were a public road.

HHG commenced this suit in 2018 by filing a complaint in ejectment against the Township. The complaint alleged that the Disputed Area is a private driveway and that the Township had wrongfully possessed it and prevented HHG's free use thereof. Reproduced Record (R.R.) at 12a-14a. The complaint sought to eject the Township from the Disputed Area. *Id.* The Township filed an answer with new matter in which it asserted, as an affirmative defense to HHG's ejectment claim, that the Disputed Area is a public road. R.R. 27a-28a. HHG sought preliminary injunctive relief, which the trial court denied. The Township moved for summary judgment on the ejectment claim, which the trial court also denied.

Judge Edward Griffith of the trial court held a two-day bench trial in October 2021. HHG presented testimony from seven witnesses including Seitz and members of the Coates family, and affidavits from three witnesses who were deceased. R.R. at 435a. That testimony tended to show that since the Coates' ownership of the Property began in 1948, the Disputed Area was sometimes obstructed with vehicles or debris. HHG introduced aerial photographs from several years between 1962 and 2014. *Id.* at 469a-76a. Some of those photographs showed obstructions that made the Disputed Area impassable, while others showed that it was passable. The Township presented seven different witnesses who testified to their past use of the Disputed Area as a public road and the Township's maintenance of the Disputed Area. *Id.* at 435a. The Township introduced the 1992 resolution stating that the Disputed Area "has been in use by the public and has been maintained

3

by the expenditure of [T]ownship funds for a period of twenty-one (21) years or more," *id.* at 490a, and a 2009 ordinance designating an intersection and stop sign in the Disputed Area, *id.* at 492a-93a. The Township also introduced documentary evidence. This included a 1937 photograph showing the Disputed Area predating any structures on the Property and later photographs showing the Disputed Area with road signage and road striping. *Id.* at 511a, 585-92a.

In its March 7, 2022 decision and order, the trial court found for the Township. It credited testimony about members of the public using the road over time and the Township's maintenance of the Disputed Area as a road. R.R. at 424a-26a. The trial court reasoned and concluded in relevant part as follows:

> The Township maintains that the Disputed Area qualifies as a public road under [Section 2307 of the Second Class Township Code (Code)[1]]and by prescription. We address prescription first.
>
> . . . .
>
> The Township has demonstrated that the Disputed Area has been continuously used by the public to travel between Oxford Road and Hickory Hill Road since at least the late 1960's. The use was without permission and as desired for convenience and to avoid a dangerous intersection. The use shows a settled course of conduct indicating an attitude

---

[1]Act of May 1, 1933, P.L. 103, *added by* the Act of November 9, 1995, P.L. 350, *as amended,* 53 P.S. § 67307. It provides, in relevant part:

> (a) Every road which has been used for public travel and maintained and kept in repair by the township for a period of at least twenty-one years is a public road having a right-of-way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road.

Subsection (b) through (e) of Section 2307 state criteria the trial court should consider in adjudicating a claim that a road is public under Section 2307(a). 53 P.S. § 67307(b)-(e).

4

of mind on the part of the user or users that the use is an exercise of a property right. The use was adverse to the Coates[]' and Plaintiff[']s interest. A prescriptive easement has been established.

. . . .

As required by the Section 2307[ of the Code], we have considered:

(i) the Pennsylvania Department of Transportation maps dating back to 1923 and Township zoning maps dating back to 1971 that depict the Disputed Area as a Township road; . . .

(ii) the distribution of Liquid Fuels tax money to the Township since 1992;

(iii) the failure to identify the Disputed Area as a road on the deeds and certain subdivision plan; and

(iv) evidence that the Disputed Area is an extension of the paved section of Fulton Road providing access to Oxford Road.

Section 2307 [of the Code] also requires that consideration be given to the condition or sufficiency of the road surface for public travel. While it is evident that the road surface was not well maintained, the Disputed Area remained passable . . . . Given all of [the] evidence and considering the limited need for maintenance of a small country gravel and dirt road, the Township's lack of records, and the likelihood that in 1992 when the Liquid Fuels Resolution was passed the Supervisors would have been familiar with the maintenance of roads in the Township, this is sufficient evidence to establish twenty-one years of maintenance. Accordingly, the Township has established that the Disputed Area is a public road under the Second Class Township Code.

R.R. at 428a-34a (internal quotation marks and citations omitted).

HHG filed post-trial motions, which the trial court denied by July 11,

5

2022 order. The trial court entered judgment for the Township on August 29, 2022. HHG filed a timely notice of appeal indicating appeal to the Superior Court of Pennsylvania. Superior Court transferred the appeal to this Court by January 3, 2023 order.[2]

In May 2023, while its appeal was pending here, HHG filed two motions regarding the record. The first sought to correct certain illegible portions of the original record with legible versions. The second motion, which the Township opposed, sought to supplement the record with recently discovered evidence. HHG alleged that some portion of the Disputed Area goes beyond the Property onto the neighboring property to the east. HHG argued that the owners of that neighboring property are thus indispensable parties that were not joined, which implicates the trial court's subject matter jurisdiction. By September 11, 2023 memorandum and order, this Court concluded that the assertion of an indispensable party warranted reopening the record to assure the trial court's jurisdiction. We stayed the briefing schedule and remanded the matter, retaining jurisdiction, for the trial court to make a determination and issue a supplemental opinion on that issue.

On remand, Judge Anthony T. Verwey[3] of the trial court reopened the record on the indispensable party issue. The trial court scheduled a hearing and ordered the scheduling order to be served on the owners of the adjoining property at issue. Original Record (O.R.), Item No. 111. On April 3, 2024, counsel for HHG filed an affidavit of service indicating that he hand delivered a copy of the scheduling

---

[2] *See* 42 Pa.C.S. § 762(a)(4)(i)(A) (providing that Commonwealth Court has exclusive jurisdiction of appeals in actions drawing into question the application or interpretation of a statute regulating the affairs of a political subdivision).

[3] Judge Griffith, who had conducted the bench trial and issued the trial court's merits decisions, passed away during the pendency of this appeal. This matter was reassigned to Judge Verwey.

6

order to Jesus Zavala, the owner of the adjoining property. O.R., Item No. 113. Counsel averred that Zavala verbally indicated he would not attend the hearing. *Id.*

At the hearing on April 5, 2024, the parties jointly submitted a survey conducted by Padula Engineering on March 18, 2024 (Survey). R.R. at 813a. The neighboring property to the east is jointly owned by Jesus Zavala, Jr., and his spouse, Jacqueline Carillo (Neighbors), who were not present at the hearing. R.R. at 809-10a, 813a. The Survey shows that approximately half of the Disputed Area is located on Neighbors' property. *Id.* at 813. The trial court confirmed this, finding that "a portion of the Disputed Area lies within" Neighbors' property. *See* Supp'l Pa.R.A.P. 1925(a) Op., filed April 23, 2024. The trial court transmitted the record back to this court and the parties filed their appellate briefs. After oral argument, the matter is ready for disposition.

## II. ISSUES

On appeal,[4] HHG raises the following issues for our review: (1) whether the trial court erred in finding a public road by prescription when the Township had waived that theory or defense by failing to raise it in its answer and motion for summary judgment; (2) whether the trial court abused its discretion by making findings not supported by substantial evidence and ignoring evidence favorable to HHG; (3) whether the trial court erred in applying the Second Class Township Code and/or the doctrine of prescriptive public roads; and (4) whether Neighbors are an indispensable party who were not joined, which deprived the trial court of subject matter jurisdiction.

---

[4] Our review of a trial court order denying post-trial motions "is limited to a determination of whether the trial court abused its discretion or committed an error of law." *Pikur Enters., Inc. v. Dep't of Transp.*, 641 A.2d 11, 13 (Pa. Cmwlth. 1994).

7

## III. DISCUSSION

Before addressing the merits, we consider whether Neighbors are indispensable parties because that issue affects the jurisdiction of the trial court. HHG argues that Neighbors are indispensable parties because the trial court has declared the Disputed Area—which lies partly on Neighbors' property—to be a public road. HHG concedes that this suit began as an ejectment action against only the Township and only with respect to HHG's Property. But in HHG's view, when the Township raised the prospect of a public road easement as a defense to that ejectment claim, the Township effectively expanded this litigation beyond just the Property to affect the rights of all other owners whose property would be burdened by the public road easement. HHG argues that because Neighbors own part of the area that is a public road under the trial court's order, the determination on the public road issue necessarily affected Neighbors' property interests. HHG agrees with the trial court's determination on remand that, in light of the undisputed survey, Neighbors's property interests were clearly affected by the trial court's decision.

HHG asserts that because it was the Township's defense that made Neighbors indispensable, the Township should have joined Neighbors. HHG points out that the absence of an indispensable party deprives the trial court of jurisdiction to grant any relief. *See* HHG's Br. at 77-78 (quoting Pa.R.Civ.P. 1032(a) ("A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except . . . the defense of failure to join an indispensable party . . . .")). Notwithstanding its argument that the trial court lacked jurisdiction for failure to join Neighbors, HHG asks this Court to reverse on the merits for abuses of discretion and errors of law. HHG's Br. at 20, 80-81. Only as an alternative does HHG request that we vacate and remand due to lack of jurisdiction in the trial court.

8

*Id.* HHG does not explain or offer authority for the proposition that this Court can reach the merits even if the trial court lacked jurisdiction.

The Township makes essentially two responsive arguments. First, it argues Neighbors are not indispensable. It does not dispute the Survey showing that recognition of a public road will burden Neighbors' property. *See* Township's Br. at 26. But it states that "[t]he only necessary or indispensable party to an ejectment action is the person in actual possession of the land." *Id.* at 23 (quoting *Bannard v. New York State Natural Gas Corp.*, 172 A.2d 306, 310 (Pa. 1961)). The Township argues that this ejectment action—including any determination as to whether a public road was created—pertains only to HHG and the Property. It claims that the impact of any public road on other properties "would be an issue as between the Township and that neighboring party (which has not challenged the road status)," and that "[i]f [Neighbors] challenged the existence of Fulton Road, [they] would not be bound by HHG's action or the [t]rial [c]ourt ruling." Township's Br. at 25-26. On that theory, the Township argues Neighbors' interest is not essential to this litigation. In reply, HHG explains that the Township made a similar argument before this Court prior to remand, and to the trial court on remand, and both courts rejected that argument. HHG asserts that this Court's remand and the trial court's factfinding on the boundary issue demonstrate that the Township's purely legal argument—that this litigation does not bind Neighbors—is contrary to this Court's view of the issue.

Second, the Township argues that even if Neighbors were technically indispensable below, affidavits and representations by HHG on remand show that Neighbors received notice of the hearing on remand and declined to participate. The Township argues, without elaboration or citation, that Neighbors' decision not to participate makes any interest of theirs in this litigation "null." Township's Br. at

27. In reply, HHG argues the Township is conflating Neighbors' decision not to participate in the hearing on remand with their right to participate in the trial on the public road issue that occurred in 2021, of which they had no notice at that time. HHG essentially contends that any notice Neighbors received on remand cannot cure the jurisdictional defect that occurred when the trial court conducted a trial and entered a final judgment on the public road issue without Neighbors being joined as parties.

We have explained the test for indispensability in this type of action as follows:

> "A party is generally regarded to be indispensable 'when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights.'" *HYK Construction Co[.], Inc., v. Smithfield* [*Twp.*], 8 A.3d 1009, 1015 (Pa. Cmwlth. 2010) (quoting *City of Phila[.] v. Commonwealth*, [] 838 A.2d 566, 581 ([Pa.] 2003)). Thus, the main inquiry for determining whether a party is indispensable involves whether justice can be accomplished in the absence of the party. *Id.*; *see also Perkasie Borough Auth. v. Hilltown* [*Twp.*] *Water* [*&*] *Sewer Auth.*, 819 A.2d 597, 600 (Pa. Cmwlth. 2003) (holding that "an indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights"). The relevant analysis of whether a party is indispensable requires an examination of the following four factors:
>
> 1. Do absent parties have a right or interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due

10

process rights of absent parties?

> *HYK Construction Co*[.], 8 A.3d at 1015. When undertaking this inquiry, the nature of the particular claim and the type of relief sought should be considered. *Id.*
>
> In easement cases, our Supreme Court has held that the fee simple owner of the servient tenement, *i.e.*, the estate of land that is burdened by the easement, is an indispensable party because "[t]he right to the use and enjoyment of his property will be adversely affected by any litigation involving the easement." *Columbia Gas Transmission Corp. v. Diamond Fuel Co*[.], [] 346 A.2d 788, 789 ([Pa.] 1975). Likewise, when there is a dispute regarding "the existence of an easement, all owners of servient tenements have a material interest in the controversy and should be joined as defendants, even though such an owner may have had no part in the interference with, or obstruction of the alleged easement." *Barren v. Dubas*, [] 441 A.2d 1315, 1316 ([Pa. Super.] 1982).

*Rachel Carson Trails Conservancy, Inc. v. Dep't of Conservation & Nat. Res.*, 201 A.3d 273, 279 (Pa. Cmwlth. 2018) (en banc) (footnote omitted).

An indispensable party "must be joined" and if not, "his absence renders any order or decree of court null and void for want of jurisdiction." *Columbia Gas*, 346 A.2d at 789; *accord Sprague v. Casey*, 550 A.2d 184, 189 (Pa. 1988). Where a trial court has already entered final judgment without an indispensable party having been joined, the proper result on appeal is to vacate the judgment and dismiss the complaint without prejudice to the plaintiff "to institute a new action wherein all necessary and indispensable parties are made parties to the action." *Columbia Gas*, 346 A.2d at 789-90; *see also Barren*, 441 A.2d at 1316 (finding indispensable party was not joined and vacating and dismissing without prejudice); Pa.R.Civ.P. 1032(b) ("Whenever it appears . . . that there has been a failure to join an indispensable party, the court *shall* order . . . that the indispensable

11

party be joined, but if that is not possible, then it *shall* dismiss the action." (emphasis added)).

Here, we agree with HHG that Neighbors are indispensable parties. The undisputed Survey plainly supports the trial court's finding on remand that part of the Disputed Area is on Neighbors' property. Because the Township has asserted—and the trial court has determined—that the Disputed Area is a public road, more than just the Property is at issue here. Any property interest that would be burdened or encumbered by the public road so found is also at issue. Neighbors have such an interest. Their property is directly across the right-of-way from the Property and occupies about half of the Disputed Area, making their property a servient tenement to the public road the trial court found. Neighbors' interest is thus essential to the merits of this dispute.

Further, we disagree with the Township's suggestion that communication with Neighbors on remand can cure the jurisdictional defect their nonjoinder created. Zavala was merely served personally with a single scheduling order of the trial court on remand. Neither he nor Carillo—who is a joint owner— has been joined as a party. And because trial was conducted and final judgment entered before Neighbors were aware of this action, it "is not possible" to join them as parties now in any way that lets them assert their interest before a final order. Pa.R.Civ.P. 1032(b). Even if Neighbors wanted to waive their interest—that is not clear on this record and they are not here to speak for themselves—the defect in subject matter jurisdiction is nonwaivable and the trial court's final order on the merits was void. *Columbia Gas*; *Barren*.

12

## IV. CONCLUSION

For the foregoing reasons, we conclude that the final order of the trial court now on appeal is void for want of subject matter jurisdiction due to failure to join indispensable parties. Accordingly, we will vacate the trial court's order and remand this matter with direction to dismiss HHG's complaint without prejudice to HHG to institute a new action where all indispensable parties are joined.

_____

MATTHEW S. WOLF, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hickory Hill Group II, LLC,  :
                Appellant  :
                                     :

          v.  :  No. 1 C.D. 2023
                                     :

East Nottingham Township  :

## O R D E R

AND NOW, this 27th day of June 2025, the orders of the Court of Common Pleas of Chester County (trial court) entered August 29, 2022, July 11, 2022, and March 7, 2022, are VACATED.  This matter is REMANDED to the trial court with direction to DISMISS the complaint without prejudice to Hickory Hill Group II, LLC to institute a new action where all indispensable parties are joined.

Jurisdiction is relinquished.

_____
MATTHEW S. WOLF, Judge