346 A.2d 258

Robert S. HUSTON, and Beatrice Huston,
his wife, Appellants,

v.

Nicholas CAMPANINI et al., Appellees.

Supreme Court of Pennsylvania.

Argued Sept. 22, 1975.

Decided Oct. 30, 1975.

Ervin S. Fennell, Jr., DuBois, for appellants.

Robert M. Hanak, Reynoldsville, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

In this action in equity, the plaintiffs-appellant (plaintiffs) sought specific performance of a written contract entered into with the defendants-appellee (defendants) on August 31, 1971, for the purchase of certain real estate, and a restaurant and cocktail lounge maintained and operated on the property. The complaint stated that plaintiffs took possession of the property under the contract, but were illegally dispossessed by the defendants on January 15, 1972, after the defendants wrongfully declared the contract forfeited. In their answer to the complaint, the defendants admitted declaring the forfeiture and repossessing the property but maintained both events occurred after the plaintiffs failed to comply with their obligations under the contract. In further answer, the defendants averred under "New Matter" that after the property had been repossessed and before the plaintiffs took legal action the defendants "did agree and execute transfer papers to James and Hazel Cook for the resale of said business, . . ."

An evidentiary hearing ensued and, subsequently, the chancellor entered an adjudication and decree nisi denying the plaintiffs specific performance of the contract, but directing the defendants to satisfy judgments entered of record against the plaintiffs on notes given in connection with the agreement of sale. The defendants were also directed to reimburse the plaintiffs in the sum of $375 and to pay the costs of the suit. The plaintiffs then filed a petition under Rule 2232(c) of the Pennsylvania Rules of Civil Procedure requesting that the Cooks be joined as additional defendants in the action. This petition was denied and exceptions to the chancellor's adjudication and decree nisi were then dismissed. The plaintiffs then filed this appeal contending the trial court

should have decreed specific performance of the contract or, in the very least, directed the defendants to return to the plaintiffs all the monies received under the contract plus interest.

We need not reach the merit of the issues raised by the appeal because, under the circumstances, the trial court lacked jurisdiction to entertain the action. As we have said many times, if all necessary and indispensable parties are not parties to an action in equity, the court is powerless to grant relief. See *Tigue v. Basalyga*, 451 Pa. 436, 304 A.2d 119 (1973); *Reifsnyder v. Pittsburgh Outdoor Advertising Company*, 396 Pa. 320, 152 A.2d 894 (1959). Moreover, even though the trial court's jurisdiction is not challenged in that court or on appeal, "the absence of an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised sua sponte." [citations omitted.] *Tigue v. Basalyga*, 451 Pa. at 438, 304 A.2d at 120.

If as contended the "business" which was the subject of the contract in controversy had been "transferred" to James and Hazel Cook, these individuals were clearly necessary and indispensable parties to this action. In this connection it is interesting to note that, although the chancellor found that the plaintiffs had not defaulted in their obligations under the contract and had the right to continue in possession of the property at the time they were dispossessed, he nonetheless denied specific performance of the contract, saying, "the plaintiffs waited for approximately four months after being dispossessed of the business before the plaintiffs took legal action. In the meantime, third parties who have not been made parties to this litigation, are now in possession of the business asserts and may be bona fide purchasers in their own right, who if they are, have a superior right to the equities of the plaintiffs."

Since necessary and indispensable parties were not parties to the action, the chancellor should have dis-

missed the complaint without prejudice instead of entering an adjudication and decree on the merits. The decree of the trial court will, therefore, be vacated.

■ The plaintiffs contend the trial court erred in not granting the petition to join the Cooks as additional defendants. This petition was not filed until after the evidence was closed and after the chancellor had entered his adjudication and decree nisi. Additionally, sixteen months passed after the defendants filed their answer to the complaint apprising the plaintiffs of the contention that the "business" had been transferred to the Cooks before any request was made to join these parties in the action. Under the circumstances, we find no error or abuse of discretion in the court's denial of the petition.

Decree vacated. Costs to be evenly divided by both sides.

JONES, C. J., did not participate in the consideration or decision of this case.