441 A.2d 1315

**John BARREN and Josephine Barren, his wife, and Henrietta Barren**

v.

**John M. DUBAS and Jean Dubas, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued May 12, 1981.

Filed Feb. 19, 1982.

---

Anthony J. Popeck, Scranton, for appellants.

W. Boyd Hughes, Scranton, for appellees.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

This is an appeal from a final decree recognizing that an easement exists across appellants' property, ordering appel-

lants to restore access to the easement, and enjoining them from interfering with appellees' use of it. Because we conclude that the lower court lacked jurisdiction, we must vacate the decree and remand for further proceedings.

In December 1977, appellees filed a complaint in equity alleging that they had obtained a prescriptive easement to an alleyway traversing appellants' adjoining parcel of land in Peckville, Lackawanna County. Appellees also sought to compel appellants to restore access to the alleyway and to prohibit them from interfering with appellees' use of it. Following a hearing, the lower court entered a decree nisi recognizing the existence of the easement and granting the requested injunctive relief. Appellants timely filed exceptions alleging, *inter alia*, that the lower court erred in failing to permit them to introduce evidence that they had conveyed a portion of the servient tenement to Patrick and Helen Gillott prior to the commencement of these proceedings. The lower court ruled that the Gillotts were indispensible parties to these proceedings, modified the decree nisi, and affirmed it as modified.* This appeal followed.

 Failure to join an indispensible party "goes absolutely to the court's jurisdiction and the issue should be raised sua sponte." *Huston v. Campanini*, 464 Pa. 147, 150, 346 A.2d 258, 259 (1975), quoting *Tigue v. Basalyga*, 451 Pa. 436, 438, 304 A.2d 119, 120 (1973). *See also* Pa.R.Civ.P. 1032(1) (defense of failure to join indispensable party not waived by failure to raise it by preliminary objection, answer, or reply). "As we have said many times, if all necessary and indispensible parties are not parties to an action in equity, the court is powerless to grant relief." *Huston v. Campanini, supra*, 464 Pa. at 150, 346 A.2d at 259 (citations omitted). *See also Patwardhan v. Brabant*, 294 Pa.Superior Ct. 129, 439 A.2d 784 (1982); *Biernacki v. Redevelopment Authority of the City of Wilkes-Barre*, 32 Pa.Commonwealth

---

* Although the effect of the modification was to require appellees to join the Gillotts as additional defendants, the record indicates that joinder has not yet been made, and the Gillotts have not yet been heard concerning the existence of the easement.

Ct. 537, 379 A.2d 1366 (1977). "In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 379, 346 A.2d 788, 789 (1975) (citations omitted). *Accord, Smith v. Crowder Jr. Co.*, 280 Pa.Superior Ct. 626, 641, 421 A.2d 1107, 1115 (1980) ("A person is a necessary and indispensable party only when his rights are so connected with the claims of the litigants that no decree can be made without impairing his rights."). In *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, our Supreme Court vacated a decree recognizing the existence of a disputed maintenance and repair right of way because the litigants had failed to join the fee owner of the servient tenement.

In the instant case there can be no question that the fee simple owner of the servient tenement is an indispensable party. The right to the use and enjoyment of his property will be adversely affected by any litigation involving the easement and, therefore, he must be joined. The failure to do so deprives the court of jurisdiction.

464 Pa. at 379, 346 A.2d at 789. Similarly, when there is a dispute as to the existence of an easement, all owners of servient tenements have a material interest in the controversy and should be joined as defendants, even though such an owner may have had no part in the interference with, or obstruction of, the alleged easement. Annot., 28 A.L.R.2d 409, 411 (1953) ("Necessary parties defendant to suit to prevent or remove obstruction or interference with easement of way"). *Cf. Huston v. Campanini, supra* (persons to whom vendors allegedly sold restaurant after declaring forfeiture and repossession from plaintiffs were possible bona fide purchasers, and, therefore, indispensible parties); *Tigue v. Basalyga, supra* (in suit to set aside deed allegedly obtained through fraud, deceased's personal representative was indispensible party); *Kelley v. Kelley*, 382 Pa. 537, 115 A.2d 202 (1955) (when adjudicating interests in coal lands, all

co-tenants are indispensible parties); *Biernacki v. Redevelopment Authority of the City of Wilkes-Barre, supra* ("Clearly, the owner of real estate is an indispensible party to proceedings seeking transfer of the title to the property to another and culminating in an order purportedly vesting title in another. It would be difficult to imagine a darker cloud on one's title than that created by the court's order in this case.") (condemnation case). Because the Gillotts, fee owners of a servient tenement, are indispensible parties, and have not been joined as defendants, the lower court lacked jurisdiction to enter a decree. Accordingly, we must vacate the decree and dismiss the complaint without prejudice to appellees' rights to institute a new action wherein all necessary and indispensible parties are joined. *Columbia Gas Transmission Corp. v. Diamond Fuel Co., supra,* 464 Pa. at 379, 346 A.2d at 789–90; *Tigue v. Basalyga, supra,* 451 Pa. at 439, 304 A.2d at 120.

So ordered.