535 A.2d 671

**Howard BURKETT, Jr. and Annabell Burkett, His Wife, and Perry Cramer and Lola Cramer, His Wife, Appellees,**

**v.**

**Richard P. SMYDER and Cheryl Smyder, His Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1987.

Filed Jan. 7, 1988.

Gregory A. Olson, Assistant District Attorney, Indiana, for appellants.

Wayne A. Kablack, Indiana, for appellees.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

Appellees filed a declaratory judgment action against Appellants alleging that they had acquired a prescriptive easement to cross Appellants' land. Appellants filed a motion for judgment on the pleadings in which they argued that Appellees had failed to join a landowner whose land

was also involved in the instant suit. The trial court denied this motion.

Following a non-jury trial, the trial court found that Appellees had used a roadway which intersects Appellants' land for a period in excess of 21 years. Thus, the prescriptive easement had been established. Following the filing and denial of post-trial motions, this appeal ensued.

By their appellate brief, Appellants raise the following two issues:

1. Have Burkett and Cramer (Appellees), by failing to show open and continuous use for a period of more than twenty-one (21) years, and by failing to establish that the claimed easement does not pass through an unenclosed woodland area, failed to meet their burden of proving the existence of an easement by prescription; and,

2. Is an additional surface owner, across whose lands the claimed prescriptive easement crosses, a necessary party in this declaratory judgment action?

Upon review of the record and the parties' arguments, we affirm.

■■ Initially, Appellants argue that Appellees failed to sustain their burden of proof with respect to a claim of prescriptive easement. The party asserting a prescriptive easement must demonstrate each element of such an easement by proof that is clear and positive. *Walley v. Iraca,* 360 Pa.Super 436, 442, 520 A.2d 886, 889 (1987). It is well-settled that a prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of 21 years. *Id.,* 360 Pa.Superior Ct. at 441, 520 A.2d at 889. In order to establish continuity, the evidence need not illustrate constant use. Instead, "continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right." *Minteer v. Wolfe,* 300 Pa.Super. 234, 446 A.2d 316, 319 (1982), *quoting Keefer v. Jones,* 467 Pa. 544, 548, 359 A.2d 735, 737 (1976). We now turn to the evidence adduced during trial, keeping in mind that the findings of

the trial court will not be disturbed absent a clear abuse of discretion or error of law. *Id.*, 300 Pa.Superior Ct. at 240, 446 A.2d at 319.

The record shows that the area of roadway under dispute crosses Appellants' land for 400 feet. Appellees purchased their land in 1953. (N.T., 11/26/86, 26) The following year, Appellees began to utilize the roadway in order to gain access to a Christmas tree nursery they had situated on their land. (N.T., 11/26/86, 28) The evidence illustrates that Appellees traveled the road several times each year to plant, shear, mow, and harvest the trees. (N.T., 11/26/86, 30) This use of the lane continued from 1954 until approximately 1968–1970, when Appellees ceased their Christmas tree business. (N.T., 11/26/86, 31) Thereafter, Appellees walked along the roadway once or twice a year for hiking purposes. (N.T., 11/26/86, 31)

■ Appellants urge that this evidence fell far short of the proof necessary to establish a prescriptive easement. The trial court, however, opined that the fact that Appellees utilized the roadway for sporadic excursions onto their land did not "support the conclusion that plaintiffs (Appellees) had any change in their attitude toward the use of the roadway as a property right." (Trial Court Opinion, 12/18/86, 2–3) We observe that whether Appellees had acquired a prescriptive easement was a question of fact for the trial court sitting as factfinder. *Predwitch v. Chrobak,* 186 Pa.Super. 601, 142 A.2d 388, 389 (1958). Upon review of the testimony, we find that the trial court was warranted in finding that a right by prescription existed. Albeit the use of the lane had diminished subsequent to Appellees ceasing their Christmas tree business, there was sufficient evidence from which to conclude that Appellees pursued a settled course of conduct in which they viewed the utilization of the roadway as a property right for more than 21 years.

■ As a corollary to the first issue raised on appeal, Appellants argue that Appellees failed to establish that the roadway does not pass through an unenclosed wooded area.

Appellants cites 68 P.S. § 411 for the proposition that the acquisition of prescriptive easements through wooded areas is banned in this Commonwealth. Appellants claim that the roadway passes through unenclosed woodlands.

Pa.R.C.P. 227.1(b) explicitly states that:

(b) Post-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial.

Instantly, the record reflects that Appellants raised this contention for the first time in post-trial motions. Clearly, the applicability of 68 P.S. § 411 is a defense that should have been advanced during the pre-trial stage of this case. By failing to raise the defense at the appropriate phase, Appellants have effectively waived it for appellate consideration. *Strickler v. United Elevator Co., Inc.*, 257 Pa.Super. 542, 549, 391 A.2d 614, 617 (1978).

■ Finally, Appellants posit that an additional surface owner, across whose lands the prescriptive easement intersects, should have been joined as an indispensable party to the underlying action. The record demonstrates that Appellants responded to Appellees' Complaint with New Matter alleging, *inter alia*, that Appellees' lands do not adjoin Appellants' lands. Appellees' admitted this fact in their Reply to New Matter. Thereafter, Appellants filed a motion for a judgment on the pleadings on grounds that the rights of the landowner, whose property was crossed by the roadway, would be adversely affected by a determination that the prescriptive easement exists. The motion, however, was denied by the trial court.

As a general rule, a party is indispensable when:

he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. That is to say, his presence as a party is indispensable where his rights are so connected with the claims of the litigants that no

decree can be made between them without impairing such rights.

*Nelson By Nelson,* 353 Pa.Super. 537, 542, 510 A.2d 792, 795 (1986), *quoting Hartley v. Langkamp & Elder,* 243 Pa. 550, 555–56, 90 A. 402, 403 (1914). The failure to join an indispensable party deprives a court of jurisdiction. *Barren v. Dubas,* 295 Pa.Super. 443, 441 A.2d 1315 (1982). *See generally* Pa.R.C.P. 2227 (compulsory joinder).

■ Appellants contend that the rights of the other landowner whose property is intersected by the roadway were inextricably bound to the disposition of the case at bar. However, we note that the subject matter of Appellees' action was a 400 feet portion of the roadway which was located solely on Appellants' land. Any resolution made with respect to the existence of a prescriptive easement would be determinate only to Appellants' property rights. Thus, Appellees' action was narrowly confined so as not to affect the rights or interests held by other landowners.

We are aware of our holding in *Barren v. Dubas,* 295 Pa.Super. 443, 441 A.2d 1315, 1316 (1982) in which we held that "when there is a dispute as to the existence of an easement, all owners of servient tenements have a material interest in the controversy and should be joined as defendants, even though such an owner may have had no part in the interference with, or obstruction of, the alleged easement." The facts in *Barren* are distinguishable from those in the case at bar. In *Barren,* the appellees filed a complaint alleging that they had obtained a prescriptive easement to an alleyway traversing the appellants' adjoining parcel of land. On appeal, this Court held that two parties to whom the appellants had conveyed a portion of the servient tenement were indispensable to those proceedings inasmuch as they had a material interest in the controversy. By comparison, the case *sub judice* involves a servient tenement consisting of 400 feet of land owned solely by Appellants. Appellants have failed to name any parties whose rights or interests in that section of land would be adversely affected by a determination in their absence.

Accordingly, we affirm the trial court's treatment of this issue.

Order affirmed.