J-S36036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FLOYD RIVER AND DARLENE RIVER, HIS WIFE; AND JAMES P. LAPINSKI AND ADELAIDE LAPINSKI, HIS WIFE AND VERONICA J. BELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DENNIS KNOTT AND LINDA KNOTT, HIS WIFE, | |
| Appellees | No. 2062 WDA 2014 |

Appeal from the Decree Entered November 19, 2014
In the Court of Common Pleas of Armstrong County
Civil Division at No.: 2011-1944-Civil

BEFORE:  PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JULY 17, 2015**

Floyd and Darlene River, James and Adelaide Lapinski, and Veronica Bell (collectively, Appellants) appeal from the decree entered in favor of Dennis and Linda Knott (Appellees) in the Court of Common Pleas of Armstrong County, denying injunctive relief in the form of ordering the removal of a fence.  Because we conclude that the trial court lacked subject matter jurisdiction, we vacate the decree and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. The Knotts own property located immediately behind the Rivers' property, in

*Retired Senior Judge assigned to the Superior Court.

Armstrong County. Bell's property is situated immediately next door to the

Rivers' property, and the Lapinskis own property immediately adjacent to

the Bell property.[1]

The true genesis of the case dates back to 1995, when the trial court

rendered a decision with respect to an easement located on the Knotts'

property, then owned by predecessors-in-title Kramer E. and Susan M.

Wolfe.[2]   Adjudication, 8/6/2014, at 2.   The trial court summarized the

pertinent parts of the 1995 decision as follows.

> The [c]ourt adjudicated in that case that an 8-foot-wide
> easement had arisen by virtue of adverse use. In Finding of Fact
> #13 of said adjudication, the [c]ourt found that the easement
> "extend[ed] from an alley … [and] across the *eastern-most
> portions of the Wolfe and Donnell parcels and through the
> Schweinberg parcel.*" In Part II of the [c]ourt's discussion in that
> case, the [c]ourt explicitly stated that the roadway then in use
> and over which the easement existed was "*a narrow strip of*

---

[1] The trial court, as part of its Findings of Fact, incorporated a rough diagram of the properties and garage pertinent to the lawsuit.  A copy of that diagram, modified to show more obviously the areas at issue, is attached to this memorandum as Annex A.

[2] That action was docketed at No. 1993-1666-Civil, and captioned **Eleanor Lecollier, David Lapata and Veronica Jean Bell, Plaintiffs v. Kramer E. Wolfe and Susan W. Wolfe, husband and wife, William A. and Frances Donnell, his wife, and Raymond J. Schweinberg and Linda Schweinberg, Defendants**.  Importantly, while the property in question in 1995 is the same property at issue in this case, the parties are not: only one party—Bell, a plaintiff in 1995—appears as an appellant today.  Nor are the Donnells, defendants in the 1995 action, party to this case.  Moreover, the 1995 action occurred before the Knotts or Lapinskis purchased their properties (the Lapinskis are successors-in-interest to the Schweinbergs), and was decided by Judge Kenneth Valasek, who was also the trial judge in the instant case.

*grassy land along the boundaries of the Wolfe and Donnell properties, and a path across the corner of the Schweinberg property."* The Order accompanying the said adjudication barred the Wolfes from interfering with the lawful use of the easement by Plaintiffs in that action.

*Id.* at 2-3 (emphasis in original).

The events giving rise to the current appeal involve a dispute between the Knotts and the Rivers, and the trial court summarized as follows.

> On July 11, 2011, the Knotts erected a wooden fence on their [] land approximately 36 inches from and parallel to the River/Knott boundary line. On the Knotts' side of the fence is a gravel driveway, most recently improved and widened by them. It is eight and one-half feet wide and runs the entire length of the fence and then past the fence towards the Bell [p]roperty. The Lapinskis and Bell utilize this driveway for ingress and egress to their properties.
>
> The Rivers' garage is located on their [] side of the River/Knott boundary line. The western wall of the garage is located near, but not on, the boundary line. The western wall is not exactly parallel to the boundary line. The southwest corner of the garage sits about three inches away from the boundary line. The northwest corner is located approximately ten inches from the line. A utility pole is located near the southwest corner of the garage.
>
> There is evidence indicating that a strip of land immediately west of the garage has been used by the Rivers and their predecessors in title for the storage of firewood and, at various times, for storage of unused lumber, a wheelbarrow, a lawn tractor cart, an 18-foot long canoe, an extension ladder and sundry other items.

*Id.* at 3-4.

Appellants filed a complaint on December 8, 2011, requesting a permanent injunction foreclosing the Knotts from interfering with their use of and access to the easement, as well as requiring the removal of the fence.

Appellants filed timely an amended complaint on June 5, 2012, asserting an easement by prescription for the storage of firewood and other materials. A non-jury trial occurred on July 8, 2014, and, despite finding itself "without subject matter jurisdiction to determine what rights, if any, the Rivers have in and to the Knott Property," the court entered an adjudication and decree in favor of the Knotts on August 6, 2014. Adjudication, 8/6/2014, at 10.

Appellants filed a motion for post-trial relief on August 15, 2014, which was denied on November 19, 2014. A final judgment was entered by *praecipe* on December 16, 2014, and a notice of appeal was timely filed that same day. On February 17, 2015, the court filed an opinion pursuant to Pa.R.A.P 1925(a).

On appeal, Appellants present the following questions for our review:

1. Did the [trial] court commit an error of law or an abuse of discretion by failing to enforce a finding of fact established in prior litigation that [the Knott] property was burdened by an easement that was eight feet in width which was located at the eastern-most boundary of [the Knott] property when the record showed that the entire spite fence was located within eight feet of the eastern-most boundary of [the Knott] property?

2. Did the [trial] court commit an error of law by considering matters not of record in making its determination?

3. Did the [trial] court commit an error of law in dismissing [] Appellants' case by raising *sua sponte* and then deciding that [] Appellants failed to join an indispensable party when [] Appellants' cause of action did not and could not affect such party's rights as established in the earlier litigation?

Appellants' Brief at 4 (trial court answers omitted).

Because the failure to join an indispensable party deprives a court of

- 4 -

jurisdiction, **Barren v. Dubas**, 441 A.2d 1315, 316 (Pa. Super. 1982), we begin and end our analysis with Appellants' third issue.

Generally, a party is indispensable when:

his or her rights are so connected with the claims of the litigants that no Decree can be made without impairing those rights. Also, a party is said to be indispensable when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience. The absence of an indispensable party goes to the court's jurisdiction and prevents it from granting relief.

The basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of him or her. We also consider the following:

1. Do absent parties have a right of interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

**In re Estate of Moore**, 871 A.2d 196, 202-203 (Pa. Super. 2005) (citations and quotations omitted).

In the case *sub judice*, the trial court explicitly determined it had "no jurisdiction to adjudicate the alleged claims of the Rivers," finding Lecollier, one of the plaintiffs in the prior action and beneficiary of the easement, to be an indispensable party. Adjudication, 8/6/2014, at 8-9. Nonetheless, it entered a decree "in favor of both Defendants on all counts set forth in

Plaintiffs' Amended Complaint." Decree, 8/6/2014. While the trial court's jurisdictional determination is sound, the decree is procedurally deficient.

Pursuant to Pennsylvania Rule of Civil Procedure 1032, "[w]henever it appears by suggestion of the parties or otherwise that … there has been a failure to join an indispensable party, the court shall order … that the indispensable party be joined, but if that is not possible, then it shall dismiss the action." *See also In re Adoption of W.C.K.*, 748 A.2d 223, 227 (Pa. Super. 2000) ("The power of a court to review subject matter jurisdiction at any time during a proceeding is found in [Rule 1032(b)].").

Departing briefly from the procedural inadequacies, we agree with the trial court's classification of Lecollier as an indispensable party. Appellants contend that their claim "in no way impacts the rights of Lecollier" because the Rivers are not claiming exclusivity as to the easement. Appellants' Brief at 16-17. The argument of exclusivity is misplaced.[3]

The trial court found Eleanor Lecollier to be an indispensable party by virtue of her prescriptive easement acquired in 1995.[4] The court explained the nature of Lecollier's interest as follows.

> The Rivers also assert that they have an easement by prescription for the storage of firewood, including the legal right to reach the entire stack along the length of the garage by wheel barrow, tractor cart, and perhaps even by truck. By inference,

---

[3] To quote the Appellees: "pure poppycock." Appellees' Brief at 11.

[4] Adjudication, 8/21/1995, at 8.

this alleged right to use land could extend four to six feet out onto the Knott Property. This position … results in a narrowing of the easement.

Adjudication, 8/6/2014, at 8.

Lecollier's interest in maintaining access to her property by prescriptive easement is essential to the merits of the instant case, as the Rivers' request for a prescriptive easement for the storage of firewood would undoubtedly interfere with Lecollier's access to the roadway. The Rivers claim that removal of the fence would be consistent with the 1995 adjudication, without addressing their additional easement claim for the storage of firewood. Appellants' Brief at 16. Allowing the case to proceed without Lecollier would deprive her of due process. Accordingly, we agree with the trial court that Lecollier is an indispensable party.

For the aforementioned reasons, the trial court lacked jurisdiction to adjudicate Appellants' claims. Accordingly, we vacate the August 6, 2014 decree and remand the case for further proceedings. On remand, we direct the trial court to effectuate one of the two remedies prescribed by Rule 1032(b) (*i.e.*, joinder of the indispensable party or dismissal of the action).

Decree vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/17/2015</u>

# ANNEX A

**Prescriptive easement (path of roadway), as noted in the 1995 Adjudication.**



Current parties in bold print.
Owners in 1993-95 in parentheses.
Parties to 1993 lawsuit underlined.