J-A03041-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| E. DALE KUNKLE AND CARL M. VINCE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | |
| ROBERT G. POYDENCE, | : | |
| | : | |
| Appellee | : | No. 1329 WDA 2018 |

Appeal from the Order Entered August 13, 2018
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 1607 of 2016

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:               **FILED APRIL 12, 2019**

E. Dale Kunkle and Carl M. Vince (collectively, Appellants) appeal from the order entered on August 13, 2018, which granted summary judgment in favor of Robert G. Poydence and against Appellants, and dismissed Appellants' complaint for declaratory judgment with prejudice. Because we conclude that the trial court lacked subject matter jurisdiction, we vacate the order and remand for further proceedings.

> The facts leading up to the present case are lengthy but relatively undisputed.[1] The parties are neighboring landowners with property located in the "Ralph Miller Plan of Lots," recorded in the Westmoreland County Recorder of Deeds Office on February 27, 1980 at Plan Book Volume 87, page 169. Ralph

---

[1] In light of our disposition, a detailed recitation of the factual history is unnecessary.  For a more thorough history of this multidecades-long dispute, see this Court's memorandum addressing a prior appeal. **_Kunkle v. Poydence_**, 116 A.3d 685 (Pa. Super. 2014) (unpublished memorandum).

*Retired Senior Judge assigned to the Superior Court.

Miller made a series of conveyances of the subject Lots, including conveying Lots 4 and 5 in the Original Subdivision to [] Vince and his wife in 1981, conveying Lot 2 to Gary J. Hopkinson in 1983, conveying Lot 1 to [] Poydence in 1985, and conveying Lot 3 to Charles Vernosky in 1985. [Hopkinson later conveyed Lot 2 to Kunkle and his wife, Helen Kunkle].

After purchasing Lot 1 in 1985, [Poydence] had a survey of his land completed, which found the existence of a 50-foot strip of untitled ground. Accordingly, Poydence commenced an action (Westmoreland County Court of Common Pleas No. 4980 of 1989) against [] Miller and all other Grantees alleging that he was the owner of the untitled 50 feet, which resulted in a non-jury verdict by the Honorable Charles H. Loughran. Judge Loughran concluded that [] Poydence had received the land he bargained for when he purchased Lot 1 and that he was not the owner of the 50-foot strip of excess land. [] Poydence appealed that decision and the appeal was affirmed by the Superior Court. *Poydence v. Miller,* [599 A.2d 798 (Pa. Super. 1991) (unpublished memorandum)].

Subsequently, in 1995, a second proceeding between the parties was filed at the Westmoreland County Court of Common Pleas, Docket No. 8870 of 1995. This time, Kunkle [] asserted quiet title seeking a determination that he was the owner of the 50-foot strip of land at issue in the previous case. The trial court dismissed that action, in part, on the basis of collateral estoppel and *res judicata*, but also because no party could prove with certainty where the excess ground was located. Judge Loughran commented in Paragraph 21 of his Findings of Fact that two surveyors testified at trial and that neither was convincing. Notably, Judge Loughran found as follows:

> No strip of ground existed between Lot 1 and Lots 2 through 5 in the original Miller Plan of Lots, nor could there be since this would be in violation of the Local ordinance which governs the size and shape of Lots in Salem Township. Further, the southern line of [the surveyor's] survey, when added up, [is] inconsistent with the measurements as they exist in the field. If followed, it would cause one to be standing to the west of Township Road 783, far off of the property contained in Lot 1. *This indicates that the location of*

- 2 -

> *disputed ground cannot be placed between [Lots] 1 and Lots 2 through 5 as claimed by Plaintiffs.*

(*emphasis* added). He concluded, "[a]lthough everyone agrees that there is excess ground, no party has proven with certainty where the excess is located." Accordingly, the court dismissed [the c]omplaint as the[ parties] failed to prove where the excess ground was located and failed to prove that they owned the parcel of ground claimed.

In 2013, [] Poydence filed an emergency petition alleging that [] Kunkle cut and/or trimmed bushes in the disputed excess land, and th[e trial c]ourt ordered on August 26, 2013[,] that the parties maintain the *status quo* of the properties, including a prohibition from erecting fencing, obstructing the areas, and/or cutting bushes or other landscaping. Th[e trial c]ourt reinforced said *status quo* ruling on December 26, 2013, when it dismissed Poydence's emergency petition, which decision was affirmed by the Superior Court. [**Kunkle, supra**.]

On September 12, 2014, [] Miller recorded a "Corrective Plan of the Ralph Miller Subdivision" (hereinafter, Corrective Subdivision [plan]) in the Westmoreland County Recorder of Deeds. Said Corrective Subdivision [plan] adds additional land to Lots 2, 3, 4 and 5, while relocating Lot 1,[2] which is owned by [Poydence. The added land was deeded from Miller and his wife, Shelly A. Miller (collectively, "the Millers")[3] to Kunkle and Vince. Appellants] executed the Corrective Subdivision [plan], while [Poydence] did not. Accordingly, on December 5, 2015, th[e trial c]ourt dismissed [Appellants'] motion requesting permission to record corrective deeds.

Opinion and Order of Court, 8/13/2018, at 1-3 (some citations and unnecessary capitalization omitted).

---

[2] Appellants vehemently deny that the Corrective Subdivision plan relocates Lot 1. **See** Appellants' Brief at 15, 17-19.

[3] It appears that the trial court, Appellants, and Poydence refer to "the Millers" when addressing the corrective deeds and "Miller" when referencing the Corrective Subdivision plan filed by Ralph Miller.

Following the denial of Appellants' motion, on April 5, 2016, Appellants filed a complaint for declaratory judgment. Therein, Appellants requested the trial court "remove the *status quo* requirement and allow the deeds from the Millers to [] Kunkle and [] Vince and the deed from [] Kunkle to [] Vince to be recorded." Complaint for Declaratory Judgment, 4/5/2016, at ¶ 14. In response, Poydence filed preliminary objections averring that Appellants' complaint should be dismissed or appropriately amended because, *inter alia*, Appellants failed to join several indispensable parties, including the Millers. Poydence's Preliminary Objections, 10/31/2016, at ¶¶ 11-14. In response, Appellants argued that the Millers were not indispensable parties because they "do not have any right or interest related to the claim" and their rights "are not directly connected with[] or affected by the litigation and need not be a party of record to protect any rights the Millers have." Brief in Opposition to Preliminary Objections, 2/1/2017, at 2. Following a hearing, the trial court overruled Poydence's preliminary objections, finding, *inter alia*, that the "alleged necessary parties, as identified by [Poydence], are not necessary parties, as the [trial c]ourt accepts [Appellants'] legal argument as to this specific issue." Order, 6/21/2017, at ¶ 4.

Eventually, Poydence filed a motion for summary judgment. Poydence alleged that the complaint initiated by Appellants was barred by collateral estoppel and *res judicata*, or in the alternative, that the Corrective Subdivision plan was null and void because the Millers "did not hold title to

the property referenced in the deed and, as such, [] had no authority to make the conveyance." Motion for Summary Judgment, 5/30/2018, at ¶¶ 37-64. A hearing was held on August 8, 2018.[4] On August 13, 2018, the trial court issued an opinion and order wherein it granted Poydence's motion for summary judgment on the basis of collateral estoppel and *res judicata*, dismissed Appellants' complaint with prejudice, struck the Corrective Subdivision plan, reinstated the original subdivision plan, and directed the parties to maintain the *status quo*. *Id.* at 7-8.

Appellants filed a motion for reconsideration on September 7, 2018, which was denied on September 10, 2018. Appellants timely filed a notice of appeal. The trial court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. On September 24, 2018, the trial court entered an order stating that it was relying on its August 13, 2018 opinion. Order, 9/24/2018.

Before we reach the merits of this appeal, because the failure to join an indispensable party deprives a court of jurisdiction, we consider whether the trial court had jurisdiction to adjudicate the issues before it. *See Barren v. Dubas*, 441 A.2d 1315, 1316 (Pa. Super. 1982) ("Failure to join

---

[4] In their notice of appeal, Appellants certified "that there was no transcript of th[e motion for summary judgment] hearing." Notice of Appeal, 9/10/2018.

an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte.*").[5]

Generally, a party is indispensable when:

his or her rights are so connected with the claims of the litigants that no Decree can be made without impairing those rights. Also, a party is said to be indispensable when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good

---

[5] Initially, we note that in their brief to this Court, Appellants allude to a potential jurisdictional issue with respect to Miller alone, averring the trial court committed an error when it struck the Corrective Subdivision plan because Miller "was not a party to this case[.]" Appellants' Brief at 16. In his reply brief, Poydence asserts that Miller is neither an indispensable nor a necessary party to the instant action because Miller conveyed any interest he had in the disputed land to Appellants when he recorded the Corrective Subdivision plan with the Westmoreland County Recorder of Deeds. Poydence's Brief at 15. Notably, the positions taken by the parties in their respective briefs are in direct conflict with the previous averments made by the parties at the preliminary objections stage, as cited in more detail *supra*.

As a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained. Federal courts have long applied this principle of estoppel where litigants play fast and loose with the courts by switching legal positions to suit their own ends. The purpose of this doctrine is to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires.

***Trowbridge v. Scranton Artificial Limb Co.***, 747 A.2d 862, 864-65 (Pa. 2000) (internal citations and quotation marks omitted). Accordingly, to the extent Appellants, as the prevailing parties to the preliminary objections, attempt to now argue that Miller or the Millers are indispensable parties, they are judicially estopped from doing so. Nevertheless, because we may raise this jurisdictional issue *sua sponte*, **see Barren**, **supra**, we need not concern ourselves with the arguments of the parties.

conscience. The absence of an indispensable party goes to the court's jurisdiction and prevents it from granting relief.

The basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of him or her. We also consider the following:

1. Do absent parties have a right of interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

***In re Estate of Moore***, 871 A.2d 196, 202-03 (Pa. Super. 2005) (citations and quotation marks omitted). Moreover, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." 42 Pa.C.S. § 7540(a).

In the case *sub judice*, Appellants requested the affirmation of the Corrective Subdivision plan and the lifting of the orders maintaining *status quo* to allow the corrective deeds to be recorded. Poydence disputed the validity of the plan. We decline to decide which argument set forth by which of the parties ultimately prevails. However, what is apparent from the record is that the parties' dispute as to whether the Millers had the right and ability to convey the disputed land and to execute the Corrective Subdivision

- 7 -

plan directly implicates the Millers and their interests. Similarly, both the trial court's striking of the Corrective Subdivision plan and the court's directive that the *status quo* remain in place, further demonstrate the extent to which the Millers are connected to this action. The Millers were parties to the corrective deeds and, it was Miller who filed the Corrective Subdivision plan with the Westmoreland County Recorder of Deeds. Without being parties to this action, the Millers were unable to defend their positions and/or dispute Poydence's position that Miller did not have the authority to issue the Corrective Subdivision plan. As such, we find that allowing the case to proceed without the Millers would deprive them of due process. Accordingly, the Millers are indispensable parties to the instant action.

For the aforementioned reasons, we hold the trial court lacked jurisdiction to adjudicate Appellants' claims. Accordingly, we vacate the August 13, 2018 order and remand the case for further proceedings. On remand, we direct the trial court to effectuate one of the two remedies prescribed by Rule 1032(b)[6] (*i.e.*, joinder of the indispensable party or dismissal of the action), ensuring all indispensable parties are joined.

---

[6] "Whenever it appears by suggestion of the parties or otherwise that … there has been a failure to join an indispensable party, the court shall order … that the indispensable party be joined, but if that is not possible, then it shall dismiss the action." Pa.R.C.P. 1032(b). **See also In re Adoption of W.C.K.**, 748 A.2d 223, 227 (Pa. Super. 2000) ("The power of a court to review subject matter jurisdiction at any time during a proceeding is found in [Rule 1032(b)].").

- 8 -

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2019