J-A08013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES V. DAVIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LINDA PALMISANO | : | |
| | : | |
| Appellant | : | No. 1513 EDA 2019 |

Appeal from the Judgment Entered May 15, 2019
In the Court of Common Pleas of Wayne County
Civil Division at No(s): No. 2018-00094

BEFORE: LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED MAY 20, 2020**

Linda Palmisano (Appellant) appeals from the judgment[1] entered in the

Wayne County Court of Common Pleas following a bench trial, which awarded

James V. Davis a prescriptive easement over Appellant's property. Appellant

argues: (1) the trial court lacked subject matter jurisdiction because

necessary parties were not joined; (2) the court erred in finding Davis

established adverse or hostile use of the subject roadway; and (3) the court

erred in not considering Pennsylvania's Unenclosed Woodlands Act of 1850

_____

[1] Appellant purported to appeal from the trial court's April 22, 2019, order denying her post-trial motion. However, the appeal lies properly from judgment entered on May 15, 2019. **See Johnston the Florist, Inc. v. Tedco Constr. Corp.**, 657 A.2d 511, 514 (Pa. Super. 1995) (generally, an appeal to this Court lies from the judgment entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions). We have amended the caption accordingly.

(the Act), 68 P.S. § 411, which bars a right of way over unenclosed woods. After careful review, we deny relief on the first two issues, but vacate the judgment and remand for the trial court to reconsider Appellant's Unenclosed Woodlands Act claim.

The properties at issue are located in Tyler Hill, Wayne County. On November 22, 2006, Appellant acquired a 53-acre lot from her brother, Robert Wester, who had purchased the property with his wife in 1991. Appellant's property surrounds the eastern and southern boundaries of Davis' land-locked property, a 4.6-acre lot. Davis acquired his property by deed dated September 10, 1996; at trial, however, he stated he has lived on that property for both 25 years and 66 years. N.T. Trial, 2/11/19, at 5, 9.

North of Davis' and Appellant's parcels lies a 53-acre parcel, referred to by Davis as the "Woods Lot." At trial, Davis testified his parents bought the Woods Lot in approximately 1958, when he was 6 years old, from the prior owners, the Woods family. N.T. at 18. Davis later owned it, but he deeded the property to his daughter, Kelly Marlene, who currently owns it with Michael Dietrich, Jr.[2] *Id.* at 41. We further note Davis' testimony that in 1910, his grandfather bought a farm, possibly located in the Woods Lot, and thus the

_____

[2] Kelly Marlene's last name and relationship to Michael Dietrich, Jr. are not clear from the record.

- 2 -

Woods Lot has been in his family for 109 years.[3] *Id.* at 7, 10, 20. Finally, we note that a southern portion of Appellant's property is adjacent to a parcel owned by Davis's sister and brother-in-law, Marlene and Antony Virbitsky.

The deed to Davis' property granted the right to use a 50-foot wide right of way on the western boundary of Appellant's property. However, for ingress and egress to his property, Davis instead used "Woods Road," which traversed over another portion of Appellant's property. Trial evidence showed that Woods Road continued, for a short distance, through the Virbitskys' property as well as another parcel owned by Davis' daughter, before reaching the public road, Sky Lake Road. *See* N.T. at 12; Appellant's Trial Exhibit 4 (map).

In March of 2016, in preparation of selling her property, Appellant advised Davis to cease using Woods Road and to develop and use the 50-foot wide right of way provided in his deed. N.T. at 58. Davis did not comply, and in December of 2017, Appellant installed a chain, blocking Davis' use of Woods Road.

On March 1, 2018, Davis commenced the underlying action in equity against Appellant. Davis claimed adverse possession of Woods Road and, in the alternative, sought a prescriptive easement over Woods Road. On March

---

[3] These seeming inconsistencies in Davis' testimony do not relate to his use of the Woods Road and do not affect our disposition. Instead, we consider his testimony as a whole for the contextual history that the land has been associated with Davis' family for three generations.

6th, upon agreement by the parties, the trial court issued an order prohibiting Appellant from interfering with Davis' use of Woods Road.

The matter proceeded to a bench trial on February 11, 2019. Davis testified that he and his family have used Woods Road since 1910 to access both his property and Woods Lot, Woods Road was the only means of vehicular access, and that he has improved Woods Road. N.T. at 6-7, 10, 12, 14, 20, 25. Davis acknowledged that Woods Road traversed "across the corner of" his sister's property before reaching Sky Lake Road. *Id.* at 12-13. With respect to the 50-foot wide right of way in his deed, Davis described it as undeveloped, covered with woods, rocks, and boulders, and not traversable by vehicle. *Id.* at 11. Davis denied that anyone, including Appellant's brother, ever granted him permission to use Woods Road, and denied that Appellant withdrew such permission in March of 2016 when she informed him to cease use. *Id.* at 26-28. Davis also presented the testimony of his friend, Elias Varga, that he has used, without permission from anyone, Woods Road for more than 50 years to visit Davis and to hunt on Woods Lot. *Id.* at 34-35.

Appellant, meanwhile, testified that when she acquired her property in 2006, she did not know whether Woods Road existed. N.T. at 64. Nevertheless, she stated she and her brother both allowed Davis to use Woods Road, but she revoked that permission in March of 2016. *Id.* at 54, 58. Appellant further pointed out that Davis had a deeded right of way, as well as the equipment and knowledge to develop it, but he simply refused to use his

right of way in favor of Woods Road as a "convenience." *Id.* at 61-62. Appellant also argued the Unenclosed Woodlands Act prohibited a prescriptive easement over that portion of her property because it was unenclosed woodlands. *Id.* at 70. To this end, we note that both Appellant and her expert witness in land surveying, James Motichka, described the relevant land as "all woods" and "[o]pen woods," respectively, without any fences or walls. *Id.* at 44, 55.

On March 22, 2019, the trial court issued a verdict in favor of Davis, along with an opinion. While the court concluded that Davis failed to establish adverse possession over Woods Road, it awarded him a prescriptive easement, finding he adversely, openly, notoriously, and continuously used Woods Road for more than 21 years. Trial Ct. Op., 3/22/19, at 4.

Appellant filed a timely post-trial motion, arguing the trial court failed to consider her unenclosed-woods claim under 68 P.S. § 411. Appellant also averred, for the first time, that the court lacked subject matter jurisdiction because "necessary and indispensable landowners" — Davis' daughter and sister, whose properties Woods Road also traversed — were not joined. Appellant's Post-Trial Motions, 4/1/19, at 2 (unpaginated). Finally, Appellant contended that the trial evidence was insufficient to establish Davis' use of Woods Road was adverse, but instead it showed his use was by "friendly or neighborly accommodation." *Id.* at 3. The court denied the motion without any further opinion.

Judgment in favor of Davis was entered by praecipe on May 15, 2019. Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The trial court did not issue a Rule 1925(a) opinion.

Appellant presents three issues for our review:[4]

I. Whether the trial court lacked subject matter jurisdiction in this matter because necessary and indispensable parties who owned fee title interests in significant portions [of] the claimed easement were not joined in this action despite the trial court awarding Davis an eas[e]ment over their properties?

II. Whether the trial court erred by concluding that the evidence introduced at trial was sufficient to establish by clear and definitive proof that Davis' use of the alleged prescriptive easement was adverse, notorious, hostile and such that would put [Appellant] or her predecessors in title on notice that it was being done under a claim of right rather than as a friendly or neighborly accommodation?

III. Whether the trial court abused its discretion or committed an error of law by failing to consider evidence and make findings related to the character and nature of the lands in question and further consider the application of 68 P.S. § 411 which prohibits the acquisition of a prescriptive easement across "unenclosed woodlands"?

Appellant's Brief at 6.

In her first issue, Appellant avers that the trial court lacked subject matter jurisdiction over this matter because Marlene and Anthony Virbitsky and Kelly Marlene and Michael Dietrch, Jr. were not joined as "necessary and indispensable parties[,]" "despite the trial court awarding Davis an easement

---

[4] We have reordered Appellant's issues for ease of disposition.

- 6 -

over their properties." Appellant's Brief at 11. Appellant reasons that because Woods Road crossed their properties before meeting the public road, Davis cannot make use of Woods Road unless he also established access rights across their portions of Woods Road. *Id.* at 11-12. In support, Appellant relies on *Barren v. Dubas*, 441 A.2d 1315 (Pa. Super. 1982), which she summarizes as holding that in a dispute over the existence of an easement, "the owners of all of the servient tenements have a material interest in the matter and should be joined as defendants even if they did not have any role in the circumstances that precipitated the controversy." *Id.* at 12-13, *citing Barren*, 441 A.2d at 1316.

Davis contends Appellant has waived appellate review of this issue because she did not raise it prior to the close of trial. *See* Davis' Brief at 12-13. As stated above, Appellant raised this issue for the first time in her post-trial motion.

Generally, pursuant to Pennsylvania Rule of Civil Procedure 227.1(b), issues not preserved before or at trial are waived.[5] *Bd. of Supervisors of*

---

[5] Pennsylvania Rule of Civil Procedure 227.1(b) provides that generally, post-trial relief may not be granted unless the grounds for relief

> (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

> *Note*: If no objection is made, error which could have been

***Willistown Twp. v. Main Line Gardens, Inc.***, 155 A.3d 39, 44 (Pa. 2017).

This Court has stated, however, that claims of lack of subject matter jurisdiction or failure to join an indispensable party are never waived. ***Drake Mfg. Co. v. Polyflow, Inc.***, 109 A.3d 250, 258 (Pa. Super. 2015). As Appellant points out, ***Barren*** explained:

> Failure to join an indispensable party "goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*." ***See also*** Pa.R.Civ.P. 1032[(a)] (defense of failure to join indispensable party not waived by failure to raise it by preliminary objection, answer, or reply). "As we have said many times, if all necessary and indispensable parties are not parties to an action in equity, the court is powerless to grant relief." "In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction."

***See Barren***, 441 A.2d at 1316 (some citations omitted). Even if "the trial court's jurisdiction is not challenged in that court or on appeal, 'the absence of an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*.'" ***Huston v. Campanini***, 346 A.2d 258, 259 (Pa. 1975) (citation omitted).

---

> corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief. . . .
>
> (2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.Civ.P. 227.1(b)(1)-(2).

Accordingly, we conclude Appellant has not waived appellate review of her claim that the court lacked subject matter jurisdiction due to the failure to join indispensable parties. *See* Pa.R.Civ.P. 1032(a); *Huston*, 346 A.2d at 259; *Barren*, 441 A.2d at 1316. After careful review, however, we conclude that Appellant's argument lacks merit.

In considering the question of subject matter jurisdiction, our standard is review is *de novo* and our scope of review is plenary. *Estate of Ciuccarelli*, 81 A.3d 953, 958 (Pa. Super. 2013).

Contrary to Appellant's contention, the trial court did not grant Davis prescriptive easements over the Dietrichs' and the Virbitskys' properties. Instead, it is clear the court's order granted an easement only over Appellant's property. Appellant's argument — that additional property owners, whose lands a disputed easement also traverses, must be joined by as indispensable parties — is not supported by legal authority.

In *Barren*, the plaintiffs sought a prescriptive easement to an alleyway traversing the defendants' adjoining parcel of land. *Barren*, 441 A.2d at 1315. The trial court entered a decree *nisi* recognizing the easement. *Id.* at 1316. The defendants then filed exceptions, alleging that the court erred in not allowing evidence that they "had conveyed a portion of the servient tenement to [another couple] prior to the commencement of [the] proceedings." *Id.* The trial court ruled that the third couple was an indispensable party and modified its decree *nisi* accordingly. *Id.*

On appeal, this Court considered whether the third couple who had purchased a part of the servient tenement were indispensable parties who should have been joined in the litigation. *Barren*, 441 A.2d at 1316-1317. We noted:

> [T]here can be no question that the fee simple owner of the servient tenement is an indispensable party. The right to the use and enjoyment of his property will be adversely affected by any litigation involving the easement and, therefore, he must be joined. The failure to do so deprives the court of jurisdiction.

> Similarly, when there is a dispute as to the existence of an easement, all owners of servient tenements have a material interest in the controversy and should be joined as defendants, even though such an owner may have had no part in the interference with, or obstruction of, the alleged easement. Annot., 28 A.L.R.2d 409, 411 (1953) ("Necessary parties defendant to suit to prevent or remove obstruction or interference with easement of way"). *Cf.* [*Huston*, 346 A.2d at 259] (persons to whom vendors allegedly sold restaurant after declaring forfeiture and repossession from plaintiffs were possible bona fide purchasers, and, therefore, indispensible parties); *Tigue v. Basalyga*, [304 A.2d 119, 120 (Pa. 1973)] (in suit to set aside deed allegedly obtained through fraud, deceased's personal representative was indispensible party); *Kelley v. Kelley*, . . . 115 A.2d 202 ([Pa.] 1955) (when adjudicating interests in coal lands, all co-tenants are indispensible parties); *Biernacki v. Redevelopment Authority of the City of Wilkes-Barre*, [379 A.2d 1366, 1368 (Pa. Cmwlth. 1977)] ("Clearly, the owner of real estate is an indispensible party to proceedings seeking transfer of the title to the property to another and culminating in an order purportedly vesting title in another. It would be difficult to imagine a darker cloud on one's title than that created by the court's order in this case.") (condemnation case).

*Id.* at 1316-17 (some citations omitted). This Court determined that the third couple — found to be owners of part of the servient tenement — were indispensable parties. *Id.* at 1317. This Court then concluded that without

their joinder, the trial court lacked jurisdiction to enter a decree. ***Id.***

The facts in ***Barren*** are distinguishable from those in the matter *sub judice*. Whereas the indispensable parties in ***Barren*** owned part of the very property claimed to be a servient tenement, here, Davis's complaint did not seek prescriptive easements to any part of the Dietrichs' and Virbitskys' lands — and, as stated above, the trial court's order did not affect the Dietrichs' or Virbitskys' property rights. While it was undisputed that Woods Road continued over the Dietrichs' and Virbitskys' properties before reaching the public road, we have not discovered any authority supporting Appellant's assertion that they should have been joined as indispensable parties.

The authority cited by the ***Barren*** Court, set forth in the long quotation above, does not support Appellant's argument. First, ***Barren*** cited the American Law Reports, which states:

> In discussing the question of necessary parties defendant to a suit to prevent or remove an obstruction of, or interference with, an easement of way, the courts have considered the necessity of making parties defendant such possibly interested persons as . . . **those through whose land, as well as that of defendant, the easement of way passed**[.[FN]]
>
> _____
> [FN] ***See McNeil v. Kennedy***, [107 S.E. 203 (Va. 1921)].

***See*** 28 A.L.R. 409 § 3; ***Barren***, 441 A.2d at 1316. While this paragraph referred to other landowners besides the defendant, we consider it in conjunction with the 1921 Virginia decision cited therein. In ***McNeil***, the trial court granted the plaintiff a right of way over the defendant's land, although the plaintiff would have to pass through others' lands before reaching the

- 11 -

public road. **McNeil**, 107 S.E. at 203. On appeal, the defendant argued that the other landowners were necessary parties. **Id.** The Virginia Supreme Court disagreed, noting the plaintiff's bill made "no allegations against the absent parties," and "[t]he fact that said right of way runs through their lands, as well as that of defendant, [did] not make them necessary parties." **Id.** at 204.

The Pennsylvania case law cited in **Barren** likewise involve the owners of the property that was the subject of litigation, and not owners of adjacent property. **See Columbia Gas Transmission Corp. v. Diamond Fuel Co.**, 346 A.2d 788, 789 (Pa. 1975) (in action to establish right of way, fee simple owner of servient tenement should have been joined as indispensable party); **Huston**, 346 A.2d at 258-59 (in buyers' action to compel specific performance of contract to purchase real estate, individuals to whom the sellers averred they had already transferred property should have been joined as indispensable parties); **Tigue**, 304 A.2d at 119-20 (in action to set aside deed conveying title to real estate to grantee, where complaint was filed after grantee's death, personal representative of grantee's estate should have been joined as indispensable party); **Biernacki**, 379 A.2d at 1367-68 (in husband and wife's action seeking return of property that was taken by eminent domain, the current title owner of the property, a realty company, should have

been joined as indispensable party).[6]  Pursuant to these principles, the Dietrichs and Virbitskys were not indispensable parties, and the trial court properly exercised subject matter jurisdiction over Davis' complaint.

In her second issue, Appellant alleges the trial court erred in finding the evidence was sufficient to establish that Davis' use of Woods Road was adverse, notorious, hostile, or in a manner that put her or her predecessors in title on notice that the use was under a claim of right.  Appellant maintains there was no "clear delineation regarding the specifics of Davis' alleged use" of the various properties discussed at trial; Appellant reasons that although Davis testified that he has used Woods **Lot** for 60 years, he did not acquire his property, over which the alleged easement traverses, until 1992. Appellant's Brief at 21-22.  Appellant also contends that although Davis's trial testimony suggested he also sought an easement over Woods Road for the benefit of Woods Lot, such relief would be improper because Davis did not own Woods Lot.  Meanwhile, Appellant asserts the evidence simply established "a long-standing 'neighborly accommodation'" for Davis to use Woods Road, where Appellant's brother previously allowed his friend, Davis, to use the road. **Id.**  Appellant also cites her testimony that in 2016, Davis complied with her request to remove his dumpster that was kept in "the 'Woods Road' area."

---

[6] **Biernacki** is an opinion issued by the Commonwealth Court, whose decisions are not binding on this Court; nevertheless, we may find **Biernacki** has persuasive authority.  **See Joseph v. Glunt**, 96 A.3d 365, 371 (Pa. Super. 2014).

*Id.* at 21. Appellant claims this acquiescence reflected Davis'

acknowledgement that she controlled the property. No relief is due.

In reviewing bench trial verdicts, we consider

whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.

*Williams v. Taylor*, 188 A.3d 447, 450 (Pa. Super. 2018) (citation omitted).

This Court has stated:

A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years. Moreover, the party asserting the easement must demonstrate clear and positive proof. Permissive use defeats a claim of a prescriptive easement. The landowner has the burden of proving consent, but only after the alleged easement holder proves the use was adverse, open, notorious, and continuous for 21 uninterrupted years.

*Affordable Outdoor, LLC v. Tri-Outdoor, Inc.*, 210 A.3d 270, 281 (Pa.

Super. 2019) (citation omitted). Under Pennsylvania law, a landowner who is

in privity with the prior adverse possessor may tack prior use of an easement

onto his own period of use to establish continuous possession for the required

21 years. *Matakitis v. Woodmansee*, 667 A.2d 228, 231 n.1 (Pa. Super.

1995).

Here, the trial court credited Davis' testimony that "he has accessed his

property by way of Woods Road for more than [60] years . . . without asking leave and without objection." Trial Ct. Op. at 3. The court thus found that Davis showed adverse, open, notorious, and continuous use, and thus established the existence of a prescriptive easement. These findings are supported by the record. *See Williams*, 188 A.3d at 450. While Appellant testified that her brother bought his lot in 1991 and allowed Davis to use Woods Road, N.T. at 53-54, Davis repeatedly testified that his family has used Woods Road since 1910, he has "always used [it] thinking . . . that was" his right, and he used it without anyone's permission. *Id.* at 7, 23, 29. To the extent that Appellant avers that the trial court should have weighed the parties' competing evidence in her favor, we defer to the trial court's findings of fact. *See Williams*, 188 A.3d at 450. Finally, although we agree with Appellant that at trial, Davis referred to his family's historical use of Woods Road to reach Woods Lot, we reiterate the trial court granted a prescriptive easement only to Davis, and not to any owner of Woods Lot. Accordingly, Appellant's second issue does not merit relief.

In her final issue, Appellant avers the trial court erred in failing to consider evidence and make findings of fact under the Unenclosed Woodlands Act. Appellant contends that undisputed trial evidence established that the pertinent portion of her property was unenclosed woodlands, and thus a prescriptive easement was prohibited by the Act. Appellant's Brief at 18. She

maintains the trial court did not address this issue and requests reversal of the order denying her post-trial motion.

This Court has stated:

Generally, under the common law, one may acquire a prescriptive easement through someone else's property by proving "(1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use [of the easement] for a period of 21 years." However, in 1850, the General Assembly carved out an exception to that general rule by forbidding the acquisition of prescriptive easements through unenclosed woodlands. The Unenclosed Woodlands Act dictates:

No right of way shall be hereafter acquired by user, where such way passes through un[e]nclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure.

68 P.S. § 411

*Williams*, 188 A.3d at 451 (some citations omitted).

The legislature, however, did not define the term "woodlands." *Williams*, 188 A.3d at 451. Nevertheless, this Court has stated that "[i]t is the character of the land itself which is determinative of the application of the Act of 1850," *Sprankle v. Burns*, 675 A.2d 1287, 1289 (Pa. Super. 1995), and that a "'woodland' is an area of land that trees and bushy undergrowth cover, synonymous with a 'forest.'" *Williams*, 188 A.3d at 454.

Here, we agree that the trial court did not make any specific findings of fact or conclusions of law on the record in response to Appellant's claim, properly preserved at trial, concerning the Unenclosed Woodlands Act. The

trial court did not address this issue at trial, in its May 22, 2019, opinion, or April 22nd order denying Appellant's post-trial motion. Accordingly, we vacate the trial court's order denying Appellant's post-trial motion and remand for the trial court to consider this claim. The trial court may request briefs or hear argument in reviewing the evidence already presented at trial.[7]

In sum, we hold the Dietrichs and Virbitskys were not indispensable parties and thus the trial court properly exercised subject matter jurisdiction and the court did not err in finding Davis' use of Woods Road was hostile and adverse. However, we agree with Appellant that the trial court did not enter on the record any findings of fact or conclusions of law addressing the applicability of the Unenclosed Woodlands Act. We thus vacate the judgment and the trial court's April 22, 2019, order denying Appellant's post-trial motion, and remand to the trial court for the limited purpose of reconsidering Appellant's Unenclosed Woodlands Act argument.

Judgment vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[7] **See Claudio v. Dean Mach. Co.**, 831 A.2d 140, 146 (Pa. 2003) ("In certain situations, it may be proper for a trial court to permit a post-trial evidentiary hearing to determine if new evidence offered in support of a post-trial motion constitutes after-discovered evidence. However, where the new evidence cannot be characterized as after-discovered evidence, such an evidentiary hearing is not contemplated by [Pa.R.Civ.P. 227.1(a)(5) ("After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may . . . enter any other appropriate order.")]).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/20/2020*