J-S22038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HAROLD HOCH AND ROBIN HOCH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENT M. WARTZENLUFT AND SHERRY YOH | : | |
| | : | No. 1857 MDA 2019 |
| Appellants | : | |

Appeal from the Judgment Entered February 20, 2020
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-17230

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:               **FILED JUNE 05, 2020**

Appellants, Kent M. Wartzenluft and Sherry Yoh, appeal from the judgment entered on February 20, 2020, against them and in favor of Appellees, Harold Hoch and Robin Hoch, perfecting the order dated October 9, 2019.  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  **See** Trial Court Opinion, dated October 8, 2019, at 1-3.  Therefore, we have no reason to restate them at length here.  For the convenience of the reader, we briefly note that Appellees claimed that Appellants had no right to use a portion of their property known as "the Farmer's Lane," because Appellants' predecessor-in-interest had

_____

[*] Retired Senior Judge assigned to the Superior Court.

signed a Termination Agreement relinquishing any rights in the Farmer's Lane. Appellants countered that they had a prescriptive easement in the Farmer's Lane. During the non-jury trial, Appellant Wartzenluft gave the following testimony:

> Q      Did [Donald Fish, the previous owner of Appellees' property] ever tell you don't drive on my property?
>
> A      No. . . .
>
> Q      Did Mr. Fish ever give you expressed permission to use that driveway?
>
> A      Yeah.
>
> Q      He gave you expressed permission to use it?
>
> THE COURT:      He told you [that] you could use the driveway?
>
> THE WITNESS:    Yes.

N.T. at 74. On October 8, 2019, the trial court entered an order holding that Appellants had not established a prescriptive easement across the Farmer's Lane. On November 6, 2019, Appellants filed this timely appeal.[1]

Appellants now present the following issues for our review:

> 1.      Did the [trial c]ourt err as a matter of law and fact in finding that the use of the Farmer's Lane by the Appellants was not adverse, open, notorious, continuous and uninterrupted, when the credible evidence of record, which includes the testimony of the Appellee, established that [Appellants] and their family had used the Farmer's Lane to access their property for farming and had used the Farmer's Lane all year round, both day and night, using

---

[1] On November 29, 2019, Appellants filed their statement of errors complained of on appeal. On December 17, 2019, the trial court entered a statement that its opinion dated October 8, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a). On February 20, 2020, Appellants filed a praecipe to enter judgment in order to facilitate and to perfect their appeal.

large pieces of farming equipment for a period of well over thirty (30) years?

2. Did the [trial c]ourt err as a matter of law and fact in finding that the Termination Agreement extinguished the rights of the Appellants when the credible evidence of record established that at the time the Agreement executed the Appellees were not even aware of the issue with the Farmer's Lane and it was only discovered later during a survey conducted after the Appellees[] purchased the property and such the Farmer's Lane was not contemplated as part of the Termination Agreement?

Appellant's Brief at 4.

Our standard for reviewing non-jury verdicts is as follows:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.

*Ferraro v. Temple University*, 185 A.3d 396, 401 (Pa. Super. 2018) (citation omitted) (some formatting).

Appellants argue that they sustained their burden of proof with respect to their claim of a prescriptive easement across the Farmer's Lane. Appellants' Brief at 9-16.

Whether a party has "acquired a prescriptive easement [is] a question of fact for the trial court sitting as factfinder." *Burkett v. Smyder*, 535 A.2d 671, 673 (Pa. Super. 1988). "[O]ne may acquire a prescriptive easement through someone else's property by proving (1) **adverse**, (2) open, (3) notorious, (4) continuous and uninterrupted use [of the easement] for a period

of 21 years." ***Williams v. Taylor***, 188 A.3d 447, 451 (Pa. Super. 2018) (emphasis added) (citation and internal brackets and quotation marks omitted).

Wartzenluft testified that the previous owner of Appellees' property gave him and his family permission to drive on the Farmer's Lane. N.T. at 74. A prescriptive easement requires adverse use. As Appellants had permission to use the Farmer's Lane, ***id.***, their use cannot have been adverse for the 21-year statutory period. Since Appellants' use was not adverse, the trial court did not err when it found that they did not have a prescriptive easement. Trial Court Opinion, dated October 8, 2019, at 5; ***Williams***, 188 A.3d at 451.[2]

Judgment affirmed.

---

[2] Appellants additionally argued that the trial court erred when it "determined that the Termination Agreement worked to extinguish any prescriptive easement that the Appellants might have had relative to the Farmer's Lane[,]" because neither Appellants nor their family ever changed their use of Farmer's Lane following the execution of the Termination Agreement. Appellants' Brief at 17. "Appellants contend that regardless of the Termination Agreement their ongoing open, notorious and adverse use of the Farmer's Lane which remained unchanged subsequent to the signing of the Agreement sufficiently establishes the prescriptive easement." ***Id.*** at 17-18.

However, as we conclude that Appellants failed to satisfy the "adverse use" element of a prescriptive easement, we need not address any of the remaining elements of a prescriptive easement, ***Williams***, 188 A.3d at 451, and, consequently, we need not reach Appellants' second challenge, as it concerns whether Appellants' use of the Farmers' Lane was continuous and uninterrupted. ***See*** Appellants' Brief at 17-18.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/05/2020